DUBOSE STEEL, INC. v. L. W. FAIRCLOTH AND BETTY FAIRCLOTH

No. 8210SC88

(Filed 7 December 1982)

**Husband and Wife § 3.1; Principal and Agent § 4— existence of agency relationship between husband and wife—involuntary dismissal of action against wife error**

> The trial court erred in ordering that the claim against defendant wife be involuntarily dismissed since evidence that the wife used her personal checking account for the funds of the business in that she retained some of the business money channeled through her account for her personal use were facts sufficient to enable a trier of fact to find that an agency relationship existed. G.S. 59-36(a), G.S. 59-46 and G.S. 1A-1, Rule 41(b).

APPEAL by plaintiff from *Cornelius, Judge.* Judgment entered on 20 January 1982 in Superior Court, WAKE County. Heard in the Court of Appeals 15 November 1982.

Plaintiff brought this action to recover $21,769.28 from the defendants for steel that was delivered to L. W. Faircloth Welding for installation and resale to Christian Word Ministries, Inc. Payment was made to plaintiff after redelivery of the steel to Christian Word with all payment checks but one being drawn on the personal checking account of Betty Faircloth.

Plaintiff's representatives received payment checks at the defendants' residence in Fayetteville. If L. W. Faircloth was not at home, wife Betty would pay by check for the amount that plaintiff's representative and L. W. had agreed upon. If L. W. was at home, he would get a check from Betty and pay for the steel.

At the close of plaintiff's evidence, a motion for involuntary dismissal as to Betty Faircloth was granted. On 20 January 1982, a judgment was entered against L. W. Faircloth for the debt due. The judgment concluded that L. W. and Betty were not business partners and ordered that the claim against Betty be involuntari-

ly dismissed. Plaintiff appealed from the dismissal of the claim against Betty.

*Kimzey, Smith & McMillan, by Stephen T. Smith, for plaintiff-appellant.*

*Smith & Dickey, by W. Ritchie Smith, Jr., for defendant-appellee.*

ARNOLD, Judge.

Plaintiff makes two arguments on appeal to hold defendant Betty Faircloth liable. It contends that she is liable because she accepted the benefits of the transaction or under a partnership theory.

Plaintiff first argues that because Betty retained some benefit from the transactions in this case that she is liable for the debts of the business. This argument is an apparent attempt to show that L. W. was an agent of the principal Betty.

We first note that a husband is not the agent of the wife solely because they are married. As in other situations, an agency must be shown to exist independent of the marital relationship. *Norburn v. Mackie*, 262 N.C. 16, 136 S.E. 2d 279 (1964); *General Air Conditioning Co. v. Douglass*, 241 N.C. 170, 84 S.E. 2d 828 (1954). But because sufficient facts exist here that would enable a trier of fact to find that an agency relationship existed, we find that it was error to dismiss the case against Betty.

Although the marital relationship alone does not establish agency, only slight evidence is necessary when the wife receives and retains the benefits of the contract negotiated by the husband. *Norburn*, 262 N.C. 16, 136 S.E. 2d 279; *Passmore v. Woodard*, 37 N.C. App. 535, 246 S.E. 2d 795 (1978); *Lawing v. Jaynes*, 20 N.C. App. 528, 202 S.E. 2d 334, *modified* 285 N.C. 418, 206 S.E. 2d 162 (1974). In the case *sub judice*, there is evidence to show that Betty used her personal checking account for the funds of the business and that she retained some of the business money channelled through her account for her personal use. These facts are sufficient to require a reversal of the trial court's action.

Although plaintiff's arguments that the defendants were members of a partnership under G.S. 59-36(a) or that they were

partners by estoppel under G.S. 59-46 are not as strong as the agency argument, the evidence could be interpreted by a trier of fact to be a partnership.

G.S. 1A-1, Rule 41(b) allows a trial judge to involuntarily dismiss the case at the close of plaintiff's evidence because plaintiff has shown no right to relief. But this motion should be used sparingly.

> Except in the clearest cases the judge should probably defer judgment, since it is always possible that a plaintiff may supply a deficiency of proof by cross-examination of defendant's witnesses, or through rebuttal testimony that may be opened to him, or even occasionally by defendant's evidence-in-chief.

1 McIntosh, N.C. Practice and Procedure § 1375 (2d Ed., Phillips Supp. 1970). *See also,* W. Shuford, N.C. Civil Practice and Procedure §§ 41-3, -7 (1981); *Whitaker v. Earnhardt,* 289 N.C. 260, 221 S.E. 2d 316 (1975); *Helms v. Rea,* 282 N.C. 610, 194 S.E. 2d 1 (1973). Although we recognize that involuntary dismissal may be granted even though the plaintiff has made out a prima facie case that would have withstood a directed verdict motion by the defendant in a jury case, *Helms,* 282 N.C. at 619, 194 S.E. 2d at 7; we reverse the judgment below and remand the case for a new trial because we find that the facts before us are not so clear as to warrant use of this device.

Reversed and remanded.

Judges HILL and JOHNSON concur.