NESBITT, Judge.
Cohen, as trustee of C.G. & G. Realty Trust, executed a lease of an office in Framingham, Massachusetts to:
George M. Osserman, Paul Garfinkle and Albert D. Greenfield, Co-partners doing business under the firm name and style of Osserman, Garfinkle & Greenfield, jointly and severally, of 701 Rivergate Plaza, 444 Brickell Avenue, Miami, Florida.
After payments fell into arrears, Cohen, as trustee, instituted this action on the lease for money damages. A default was taken against Osserman and Garfinkle and the case proceeded solely as to Greenfield. At trial, the only issue was whether Greenfield was a partner of Osserman and Garfinkle. The trial court, sitting without a jury, found that a partnership existed and entered judgment accordingly. Greenfield appeals.
Because there was no evidence of any partnership agreement between Osserman, Garfinkle and Greenfield, the issue on appeal has been confined to whether Greenfield was a partner by estoppel. Section 620.635, Florida Statutes (1979), provides:
620.635 Partner by estoppel.—
(1) When a person represents himself, or consents to another representing him, to anyone as a partner in an existing partnership or with one or more persons not actual partners by words spoken or written or by conduct, he is liable to any person to whom the representation has *575 been made who has given credit on the faith of the representation to the actual or apparent partnership, and if he has made the representation or consented to its being made in a public manner, he is liable to the person, whether the representation has or has not been made or communicated to the person giving credit by or with the knowledge of the apparent partner making the representation or consenting to its being made.
Although the lease itself recited that Os-serman, Garfinkle and Greenfield were “Co-partners,” the lease was signed only by Garfinkle. However, Greenfield did sign two checks payable to Cohen’s realty trust. One check recited in type that it was for “Security Deposit for Framingham Office” and the other that it was for “First months rent for Framingham office.” Each was drawn on the account of Osserman, Garfin-kle and Greenfield and each bore at its top the inscription “Osserman, Garfinkle and Greenfield Attorneys at Law” with the Brickell Avenue address. The checks were returned to Cohen with a copy of the lease signed by Garfinkle.
Over defense counsel’s standing hearsay objection, Cohen was allowed to testify as follows:
Q. If you had been informed that this was not a partnership, would you have required three signatures?
A. Yes. I would have required individual signatures. We had prepared the lease requesting the three signatures and when I mentioned it to Mr. Garfinkle, he said I have authority to sign for the partners and that was fine.
Greenfield argues on appeal that the above testimony was inadmissible and that without it there was no evidence of Cohen’s reliance on the appearance of a partnership.
An extrajudicial admission of partnership can be received into evidence only to affect the person making it, J. & J. Builders Supply v. Caffin, 248 Cal.App.2d 292, 56 Cal.Rptr. 365 (1967); H-K Corporation v. Chance, 25 N.C.App. 61, 212 S.E.2d 34 (1975), unless it can be shown that the party against whom it is offered consented to or adopted the admission or otherwise ratified it. Humboldt Livestock Auction, Inc. v. B & H Cattle Co., 261 Iowa 419, 155 N.W.2d 478 (1967). In the present case, the trial judge was clearly entitled to draw from the rent and security deposit checks the reasonable inference that Greenfield had consented to Garfinkle’s actions, while disbelieving Greenfield’s testimony that he signed the checks as a mere administrator of Garfinkle’s and Osserman’s business affairs. Consequently, the evidence demonstrated Greenfield’s consent to a representation of partnership relied upon by Cohen, thereby satisfying the elements of Section 620.635.
For the foregoing reasons, the judgment below is affirmed.
Affirmed.