G. R. LITTLE AGENCY, INC. v. ROSABELLE W. JENNINGS

No. 871SC273

(Filed 15 December 1987)

1. Partnership § 1.1— operation of farm and agribusiness with ex-husband—not a partnership

In an action to collect unpaid insurance premiums, the trial court, sitting without a jury, correctly concluded that defendant was not a partner with her former husband in his farming and agribusiness enterprises where defendant acted only as an assistant to her ex-husband in that she maintained the farm business accounts; at her husband's direction requested insurance policies as the needs of the farm and family required; made no independent managerial decisions respecting the business; never filed a partnership tax return with her husband; and her husband listed himself as an individual in his social security tax return.

2. Partnership § 1.1— operation of farm business with ex-husband—not a partnership by estoppel

In an action to collect unpaid insurance premiums, there was no partnership by estoppel based on defendant's communications with plaintiff's insurance agents where defendant contacted and met with plaintiff's agents at her husband's direction and on behalf of the husband's farm business, and plaintiff's agents dealt with defendant as an agent for the farm.

3. Accounts § 2— acknowledgment of and promise to pay indebtedness—not account stated

In an action to collect unpaid insurance premiums, defendant's acknowledgment of and promise to pay the indebtedness coupled with her failure to object to receipt of several notices regarding the indebtedness did not constitute an account stated because plaintiff failed to establish defendant's status as a partner in the farm business, the business being the debtor to which the indebtedness attaches.

4. Trial § 58— trial without jury—weight given to admissions

In an action to collect unpaid insurance premiums based on defendant's alleged partnership with her former husband, the trial court, sitting without a jury, did not err by giving slight weight to matters admitted by defendant, which plaintiff contended conclusively established a partnership, where there was substantial competent evidence adduced at trial suggesting the nonexistence of a partnership.

5. Partnership § 1.1— existence of partnership—bankruptcy proceedings—admissible

In an action to collect unpaid insurance premiums based on plaintiff's contention that defendant was her ex-husband's partner, the trial court did not err by introducing pleadings and other documents concerning the husband's bankruptcy proceeding. There was sufficient evidence outside the bankruptcy proceedings to support the trial court's findings and conclusions, and the

evidence was introduced for the sole purpose of showing that defendant's ex-husband considered the business to be a sole proprietorship, evidence wholly relevant to the establishment of the existence or nonexistence of a partnership.

**6. Evidence § 41— issue of partnership—nonexpert opinion witnesses—admissible**

In an action to collect unpaid insurance premiums based on plaintiff's contention that defendant was in a partnership with her ex-husband, the trial court did not err by allowing nonexpert witnesses to express their opinions regarding the existence of a partnership. Opinion testimony is not objectionable because it embraces an ultimate issue to be decided by the trier of fact, and the trial court omitted any reference to the witnesses' testimony in his findings of fact and conclusions of law. N.C.G.S. § 8C-1, Rule 704.

APPEAL by plaintiff from *Watts, Thomas S., Judge.* Judgment entered 22 October 1986 in PASQUOTANK County Superior Court. Heard in the Court of Appeals 19 October 1987.

Plaintiff insurance agency instituted this action to collect unpaid insurance premiums on an open account held in the name of defendant's former husband, J. D. Jennings, Jr. The action came on for trial 20 October 1986, without a jury. The trial court's findings of fact show that defendant and her ex-husband, Joseph D. Jennings, Jr., were separated in May 1983 and divorced in 1984. Prior to their separation, defendant's husband operated farming and other agribusiness enterprises. Defendant performed secretarial and bookkeeping duties for the farm or agribusiness. Her duties included the acquisition of various insurance policies from plaintiff at the direction of her husband. The insurance policies were held variously in the couple's joint names or in the name of J. D. Jennings, Jr. only. Defendant did not make any independent managerial decisions regarding the insurance coverage of the farm business but after the couple separated, defendant personally continued some of the previous insurance policies on properties retained by her after the marriage dissolution. Defendant and her husband never filed a partnership tax form. There existed no partnership agreement between them. Defendant's husband listed himself as a "self-employed individual" in his Schedule SE Social Security tax form regarding his Federal tax liability for his farm business. Following the Jennings' divorce, defendant's husband retained all tax attributes arising from income or losses derived from the farm business.

Although not included in the trial court's findings of fact, evidence was introduced at trial of defendant's husband's bankruptcy petition filed in October 1984. Defendant's husband indicated in his bankruptcy petition form that he operated the farm business as an individual—not as "husband and wife as joint individuals" or as a partnership.

Further evidence presented at trial but not included in the trial court's findings of fact tended to show that defendant told plaintiff's employees that the indebtedness here in issue would be paid from the sale of the farm, which sale did not materialize because her then ex-husband refused to cooperate. Defendant also paid $484.00 from her own personal funds on the indebtedness in June 1983. In January 1985, defendant received a statement from plaintiff setting forth the amount owed ($12,985.59) on the account. Several other notices were sent to and received by defendant to which defendant failed to respond. Plaintiff also served requests for admissions on defendant's attorney seeking to establish a partnership to which requests defendant did not respond. These requests were received into evidence at trial.

Upon its findings of fact, the trial court entered the following pertinent conclusions of law:

2. That the Defendant was not a partner as provided in N.C.G.S. 59-36 with her former husband, J. D. Jennings, Jr., . . . in his farming or agribusiness operations.

3. That the Defendant, Rosabelle W. Jennings, . . . is not liable as a partner by estoppel as defined in N.C.G.S. 59-46, for any amount of the debt owed by her former husband . . . that is the subject of this suit.

The trial court entered judgment for defendant and plaintiff appeals from that judgment.

*White, Hall, Mullen, Brumsey & Small, by G. Elvin Small, III, for plaintiff-appellant.*

*Russell E. Twiford, by Edward A. O'Neal, for defendant-appellee.*

WELLS, Judge.

As a threshold matter, on appeal the standard of review for a decision rendered in a non-jury trial is whether there existed competent evidence to support the trial court's findings of fact and whether the findings support the conclusions of law and ensuing judgment. *Quick v. Quick*, 305 N.C. 446, 290 S.E. 2d 653 (1982). The trial judge acts as both judge and jury and resolves any conflicts in the evidence. *Williams v. Insurance Co.*, 288 N.C. 338, 218 S.E. 2d 368 (1975).

[1] Plaintiff takes issue with the trial court's conclusion that defendant was not a partner with her former husband in his farming business as provided by N.C. Gen. Stat. § 59-36 (1982). We agree with the trial court.

A partnership is a combination of two or more persons, their property, labor, or skill in a common business or venture under an agreement to share profits or losses and where each party to the agreement stands as an agent to the other and the business. *Johnson v. Gill*, 235 N.C. 40, 68 S.E. 2d 788 (1952); *Zickgraf Hardwood Co. v. Seay*, 60 N.C. App. 128, 298 S.E. 2d 208 (1982). In the present case, the trial court found that there existed no partnership agreement to share profits as between defendant and her ex-husband. The findings also indicated that defendant acted only as an assistant to her ex-husband in that she maintained the farm business accounts and, at her husband's direction, requested insurance policies as the needs of the farm and family required. While these activities by defendant may have suggested an agency relationship, with defendant acting as an agent for her husband, they did not necessarily indicate a partnership arrangement. *Dubose Steel, Inc. v. Faircloth*, 59 N.C. App. 722, 298 S.E. 2d 60 (1982) (where on similar facts, this Court suggested that although the evidence of the wife's work for the family farm strongly indicated an agency relationship with her husband, it was only such as would allow but not compel a jury to infer a partnership). Further, the trial court's findings indicate that: defendant made no independent managerial decisions respecting the husband's farm business; she and her husband never filed a partnership tax return; and her husband listed himself as an individual in his social security tax return. All such findings weigh heavily against a conclusion that a partnership, as defined by G.S. § 59-36 and

relevant case law, existed between defendant and her former husband. *See Zickgraf Hardwood Co., supra.* Moreover, defendant's use and enjoyment of profits derived from the farm business do not, in this instance, comprise the element of a partnership contemplated by G.S. § 59-36. Defendant utilized these profits merely for living and subsistence purposes to which she, as her husband's wife, was entitled. Without more, such cannot be construed to comprise a partnership, by implied agreement or otherwise. *Supply Co. v. Reynolds,* 249 N.C. 612, 107 S.E. 2d 80 (1959); *Zickgraf Hardwood Co., supra.*

[2] Plaintiff next contends that there was a partnership by estoppel. We disagree. N.C. Gen. Stat. § 59-46 (1982) provides that where a person represents himself as a partner he is liable to another who, in reliance upon the representation, extends credit to the actual or ostensible partnership. *H-K Corp., Inc. v. Chance,* 25 N.C. App. 61, 212 S.E. 2d 34 (1975). Plaintiff claims that defendant's communications with plaintiff's insurance agents regarding the acquisition of insurance policies for the farm business amounted to a representation of her partnership status. This contention is without merit. Defendant contacted and met with plaintiff's agents at her husband's direction and on behalf of the husband's farm business. Plaintiff's agents dealt with defendant as an agent for the Jennings farm and cannot now claim that defendant was anything other than a representative. *See Zickgraf Hardwood, supra.* These arguments are overruled.

[3] Plaintiff also contends that defendant's acknowledgment of and promises to pay the indebtedness coupled with her failure to object to the receipt of several notices regarding the indebtedness constitute an account stated. We disagree. We note at the outset that the trial court chose to ignore this aspect of the evidence in its findings of fact. Nevertheless, it is axiomatic that an account stated arises only where the indebtedness legitimately attaches to the party allegedly failing to object. *Noland Co., Inc. v. Poovey,* 54 N.C. App. 695, 286 S.E. 2d 813 (1981). Because we hold that plaintiff has failed to establish defendant's status as a partner in the husband's farm business, the business being the debtor to which the indebtedness attaches, defendant cannot be held liable for the indebtedness under an account stated theory.

[4] Plaintiff argues, through seven assignments of error that the trial court committed prejudicial error by giving only slight

weight to matters contained within plaintiff's request for admissions, these matters having been deemed admitted by defendant's failure to respond. N.C. Gen. Stat. § 1A-1, Rule 36(b) (1983). Although plaintiff argues that these matters conclusively established a partnership, the trial court stated at trial that the matters contained within the requests did not necessarily make out a *prima facie* case of partnership and elected to assign greater weight to the testimony at trial. The trial court, when sitting as trier of fact, is empowered to assign weight to the evidence presented at trial as it deems appropriate. *Laughter v. Lambert,* 11 N.C. App. 133, 180 S.E. 2d 450 (1971). Moreover, even in the presence of evidence to the contrary, if there is competent evidence to support the trial court's findings and conclusions, the same are binding on appeal. *Ayden Tractors v. Gaskins,* 61 N.C. App. 654, 301 S.E. 2d 523 (1983). In light of the substantiality of competent evidence adduced at trial suggesting the nonexistence of a partnership, we are not persuaded by this argument. These assignments of error are overruled.

[5]  Plaintiff further contends that the trial court committed prejudicial error by receiving into evidence copies of pleadings and other documents concerning the husband's bankruptcy proceedings and the trial court's failure to sustain plaintiff's objections to the testimony regarding those proceedings. We disagree. At the outset we note that there existed sufficient competent evidence outside that of the bankruptcy proceedings to support the trial court's findings and conclusions. *Ayden Tractors, supra.* This includes the nonexistence of a partnership agreement or partnership tax return; the husband's social security tax form which listed him as a self-employed individual; and the husband's retention of all tax attributes derived from the farm income or losses.

Plaintiff's claim that evidence of the husband's bankruptcy proceedings are irrelevant to the case at bar is likewise without merit. The evidence was introduced for the sole purpose of showing that the defendant's ex-husband himself considered the business to be a sole proprietorship—evidence wholly relevant to the establishment of the existence or nonexistence of a partnership in this case. Plaintiff's application of *H-K Corp., supra* to these facts is inapposite. In *H-K Corp.,* this Court pointed out that an extrajudicial declaration by an alleged partner cannot be used to prove the existence of partnership. To the contrary, defendant

in this case seeks not to prove a partnership but to show that the husband, an alleged partner, did not consider himself such and therefore a partnership did not in fact exist. Accordingly, we find no error in the trial court's admission of the evidence regarding the bankruptcy proceedings.

[6]  Plaintiff's last argument that the trial court committed prejudicial error in allowing non-expert witnesses to express their opinions regarding the existence of a partnership is likewise without merit. N.C. Gen. Stat. § 1A-1, Rule 704 (1983) provides that opinion testimony is not objectionable because it embraces an ultimate issue to be decided by the trier of fact. Furthermore, in a non-jury trial, if incompetent evidence is admitted and there is no showing that the judge acted on it, the trial court is presumed to have disregarded it and made findings based on other competent evidence. *Gunther v. Blue Cross/Blue Shield*, 58 N.C. App. 341, 393 S.E. 2d 597, *rev. denied*, 306 N.C. 556, 294 S.E. 2d 370 (1982). We hasten to add that the trial court, in the present case, omitted any reference to the witness' testimony from his findings of fact and conclusions of law. Therefore, we can find no prejudicial error in the admission of non-expert witness testimony.

For the reasons stated, we affirm the trial court's judgment in all respects.

Affirmed.

Judges JOHNSON and COZORT concur.