**WIGGINS v. TRIESLER CO.**

[115 N.C. App. 368 (1994)]

━━━━━━━━━━━━━

ERIC L. WIGGINS, Plaintiff v. TRIESLER COMPANY, INC. d/b/a COVERALL OF CHARLOTTE, INC., Defendant

No. 9326DC867

(Filed 21 June 1994)

1. **Appeal and Error § 418 (NCI4th)— no assignments of error or arguments—appeal abandoned**

     Plaintiff's appeal was deemed abandoned where he failed to provide any assignments of error for review and present those in his brief. N.C.R. App. P. 10(a).

**Am Jur 2d, Appeal and Error §§ 693-696.**

**WIGGINS v. TRIESLER CO.**

[115 N.C. App. 368 (1994)]

2. **Unfair Competition or Trade Practices § 65 (NCI4th)— business opportunity sales—prohibited acts—findings**

A district court ruling that defendant had violated the provisions of N.C.G.S. § 66-98 in the sale of a janitorial franchise by failing to provide required information was remanded for entry of findings on the evidence offered at trial because the court did not make any mention of representations made by defendant to plaintiff of the franchise's income or earning potential or defendant's failure to disclose to plaintiff data substantiating those claims. A recitation of all evidentiary facts is not required by N.C.G.S. § 1A-1, Rule 52(a), but specific findings on the ultimate facts established by the evidence which are determinative of the issues and essential to the conclusions are required.

**Am Jur 2d, Private Franchise Contracts §§ 304 et seq.**

Appeal by defendant from order entered 15 March 1993 by Judge Phillip F. Howerton in Mecklenburg County District Court. Heard in the Court of Appeals 21 April 1994.

In January 1990, plaintiff read the following advertisement in The Charlotte Observer:

> JANITORIAL BUSINESS BE YOUR OWN BOSS: Choose from a $500-4167/mo. income packages. We provide you with completely guaranteed accounts in your area. You can start your business part time or full time with as low as $1700 down. This is a turnkey program with no guesswork that starts generating an income immediately. We have put over 1000 people in their own business. Call . . . COVERALL

On 19 January 1990, plaintiff met with defendant's representative to discuss the purchase of a franchise offered by defendant. At that time, plaintiff received a copy of defendant's Disclosure Statement.

On 9 February 1990, plaintiff entered into a Janitorial Franchise Agreement (hereinafter the Agreement) with defendant. The Agreement required defendant to provide plaintiff with training in commercial cleaning, equipment, and customer cleaning accounts that would generate gross billings of $4167 per month. Plaintiff paid defendant a franchise fee of $10,500 and executed a promissory note in the principal amount of $4500.

Beginning 9 February 1990, defendant provided various cleaning accounts to plaintiff. Plaintiff was responsible for supplying janitorial ·cleaning services to those accounts. During the period of time which plaintiff was a franchisee of defendant, several of the representatives of the cleaning accounts provided to him complained to defendant about the quality of his janitorial cleaning services. Three account representatives wrote letters to defendant requesting that it remove plaintiff from those particular accounts and replace him with another franchisee. Defendant complied with the representatives' requests and removed plaintiff from those accounts.

On 1 November 1990, plaintiff notified defendant that he wanted to rescind the Agreement and receive a refund of all amounts he had paid to defendant. Plaintiff, however, continued to accept cleaning accounts which defendant offered him to replace accounts lost by plaintiff. Defendant terminated the plaintiff's franchise on 1 May 1991. At the time of termination, plaintiff owed defendant $39.63 on the outstanding promissory note.

On 10 December 1990, plaintiff filed suit against defendant alleging defendant had violated various provisions of the North Carolina Business Opportunity Sales Act, Chapter 66, Article 19 of the North Carolina General Statutes. Defendant subsequently answered and filed a counterclaim against plaintiff, alleging breach of contract and seeking money damages. At the close of plaintiff's evidence, the trial judge, sitting without a jury, allowed defendant's motion under N.C. Gen. Stat. § 1A-1, Rule 41(b) (1990) and dismissed plaintiff's claim for relief under N.C. Gen. Stat. § 66-100(a) (1992). The trial court subsequently ruled that defendant had violated the provisions of N.C. Gen. Stat. § 66-98(1), but denied recovery to plaintiff on the ground that he failed to prove any damages. The court further ruled that plaintiff had breached his agreement with defendant, but only allowed defendant to recover damages equal to the balance remaining on plaintiff's promissory note. Defendant and plaintiff each filed notice of appeal.

*Eric L. Wiggins, plaintiff appellee, pro se.*

*William T. Sharpe, P.A., by William T. Sharpe, for defendant appellant.*

ARNOLD, Chief Judge.

[1] Although plaintiff filed a timely notice of appeal, he failed to provide any assignments of error for review and present those arguments in his brief. Because this Court's scope of review on appeal is

limited to a consideration of those assignments of error set out in the record on appeal, plaintiff's appeal is deemed abandoned. N.C.R. App. P. 10(a) (1994); *see also* N.C.R. App. P. 28 (1994).

**[2]** Defendant's first assignment of error is that the trial court erred in ruling defendant violated the provisions of G.S. § 66-98 entitled "Prohibited acts." G.S. § 66-98 provides, in part, the following:

Business opportunity sellers shall not:

(1) Represent that the business opportunity provides income or earning potential of any kind unless the seller has documented data to substantiate the claims of income or earning potential and discloses this data to the prospective purchaser at the time such representations are made . . . .

G.S. § 66-98(1). In his complaint, plaintiff alleged violations of this and one other statutory provision, N.C. Gen. Stat. § 66-95(10), which require disclosure of certain information by the franchisor. After the trial court had dismissed plaintiff's claim that defendant violated G.S. § 66-95(10), and defendant had begun to put on evidence regarding its counterclaim, plaintiff made a motion for the court to review its ruling under Rule 41(b). Plaintiff informed the court that it had not ruled on the G.S. § 66-98(1) violation alleged in his complaint. Over defendant's objection, the court allowed plaintiff's motion, concluding in its order that "[t]he Defendant violated the provisions of N.C. Gen. Stat. § 66-98(1) by failing to provide the information required by the statute in the Disclosure Statement." However, the court nevertheless concluded that plaintiff failed to show damages and was not entitled to anything under N.C. Gen. Stat. § 66-100(b). Defendant contends, *inter alia*, that the trial court made no specific finding of fact to support its conclusion of law. We agree.

In order to determine whether defendant violated G.S. § 66-98(1), the court first had to find that defendant represented to plaintiff that the janitorial franchise offered "provides income or earning potential of any kind," and second, that defendant failed to disclose documented data substantiating its claims of income or earning potential. We hold the trial court erred by failing to make such findings.

When an action is tried upon the facts without a jury, the court is required to make findings of fact and conclusions of law. N.C. Gen. Stat. § 1A-1, Rule 52(a) (1990); *City of Statesville v. Roth*, 77 N.C. App. 803, 336 S.E.2d 142 (1985). Findings of fact made by the trial judge must be "sufficiently specific to enable an appellate court to

review the decision and test the correctness of the judgment." *Chemical Realty Corp. v. Home Fed'l Savings & Loan,* 65 N.C. App. 242, 249, 310 S.E.2d 33, 37 (1983), *disc. review denied,* 310 N.C. 624, 315 S.E.2d 689, *cert. denied,* 469 U.S. 835, 83 L. Ed. 2d 69 (1984) (quoting *Quick v. Quick,* 305 N.C. 446, 451, 290 S.E.2d 653, 657 (1982)). Rule 52(a)(1) does not require a recitation of all evidentiary facts, but it does require specific findings on the ultimate facts established by the evidence, which are determinative of the issues involved in the action and essential to support the conclusions of law reached. *Id.*

In the case at bar, not only were the ultimate facts relevant to a violation of G.S. § 66-98(1) not specific, but they were absent. Nowhere in its ten findings of fact did the court make any mention of representations made by defendant to plaintiff of the franchise's income or earning potential, or defendant's failure to disclose to plaintiff data substantiating those claims. Such findings are necessary to a valid judgment in this action. By failing to make findings of fact as to whether defendant made representations of income or earning potential and whether it further failed to disclose information substantiating those representations, meaningful appellate review is not possible. *See Coble v. Coble,* 300 N.C. 708, 268 S.E.2d 185 (1980).

We have reviewed defendant's remaining assignments of error and find no error. We remand for the entry of findings solely on the evidence offered at the trial.

Vacated and remanded.

Judges GREENE and McCRODDEN concur.