TYSON, Judge.
S.L.D. ("juvenile") appeals from the trial court's adjudication and disposition orders finding him responsible for damaging personal property in excess of $200.00. We affirm.
I. Background
On 5 January 2003, M.S. and C.B. were invited to the home of S.R., juvenile's brother. When they arrived at S.R.'s home, C.B. decided to remain inside M.S.'s car, a 1987 Honda CRX ("the car"), while M.S. went up to the house and knocked on the door. C.B. testified that she observed M.S., S.R., and juvenile come out of the front door "fussing." Juvenile pushed M.S. and hit him in the back, while S.R. jumped on him. M.S. entered his car and attempted to leave. As C.B. backed the car out of the driveway, juvenile threw a battery at and hit the car. After the car was in the road,juvenile picked up the battery and threw it at the car again, hitting the car around the fender and headlight.
M.S. testified at the delinquency hearing that he obtained an estimate of $1,099.00 for the damage.
On 24 March 2003, a juvenile petition was filed alleging that juvenile had damaged the personal property of M.S. On 26 September 2003, juvenile was adjudicated a delinquent juvenile for committing the charged offense. A disposition order placed juvenile on probation for one year and required him to pay restitution. Juvenile appeals.
II. Issue
Juvenile's sole argument on appeal is that insufficient evidence was presented to sustain the adjudication.
III. Sufficiency of the Evidence
Juvenile asserts that no one with a "professional opinion" testified regarding the damage to the car. Juvenile argues that the State presented only one estimate of the damage in the amount of $1,099.00 and that conflicting evidence suggests that the damage was less than $200.00. Juvenile further argues that evidence suggests the damage was preexisting and not caused by him.
After careful review of the record, briefs, and contentions of the parties, we affirm. This Court has stated:
In reviewing a challenge to the sufficiency of evidence, it is not our duty to weigh the evidence, but to determine whether there was substantial evidence to support the adjudication, viewing the evidence in the light most favorable to the State, and giving it the benefit of all reasonable inferences.
In re Heil, 145 N.C. App. 24, 29, 550 S.E.2d 815, 819 (2001) (citations omitted).
In a juvenile adjudication hearing, "the court is empowered to assign weight to the evidence presented at the trial as it deems appropriate." In re Oghenekevebe, 123 N.C. App. 434, 439, 473 S.E.2d 393, 397 (1996) (citing G.R. Little Agency, Inc. v. Jennings, 88 N.C. App. 107, 112, 362 S.E.2d 807, 811 (1987)). "In this situation, the trial judge acts as both judge and jury, thus resolving any conflicts in the evidence." Id.
Here, the petition alleged juvenile was delinquent for injury to personal property pursuant to N.C. Gen. Stat. § 14-160. N.C. Gen. Stat. § 14-160(b) (2003) states that "if any person shall wantonly and willfully injure the personal property of another, causing damage in an amount in excess of two hundred dollars ($200.00), he shall be guilty of a Class 1 misdemeanor." M.S. testified that he obtained an estimate of the damage to his vehicle in the amount of $1,099.00.
IV. Conclusion
Any testimony that the damage was not caused by juvenile, or resulted in less than $200.00 in damages, goes to the weight and not the sufficiency of the evidence. Reviewed in the light most favorable to the State, we conclude sufficient evidence was presented that the finder of fact could find that juvenile damaged M.S.'s personal property in an amount greater than $200.00. The trial court's orders are affirmed.
Affirmed. Judges WYNN and GEER concur.
Report per Rule 30(e).