HUNTER, JR., Robert N., Judge.
Set in Stone, Inc. and Robert Kirsch (collectively "Defendants") appeal from a judgment finding Defendants breached their contract with Catherine Cannizzaro ("Plaintiff") and breached the express warranty to perform the work in a workmanlike manner. On appeal, Defendants contend the trial court committed the following errors: (1) failed to make the requisite findings to conclude Defendants breached the contract; and (2) based its conclusion Defendants breached an express warranty on insufficient evidence and findings. We affirm.
I. Factual and Procedural Background
On 25 April 2016, Plaintiff filed a complaint for breach of contract and breach of the express warranty to perform work in a workmanlike manner.[1] The complaint alleged the following narrative.
On or about 26 March 2015, Plaintiff and Defendants contracted for Defendants to demolish and re-pour Plaintiff's concrete driveway and walkway for $10,795 and install stone drains for $1,200, for $11,995 total. The contract included the following provisions: (1) "All work [was] to be done in a workmanship like manner according to standard practices"; (2) the new "driveway dim[ensions were] to be [the] same measurements as [the] current size"; and (3) Defendants "guarantee[d] the work against defective workmanship for a period of one year from the completion date."
Although Defendants completed work, Plaintiff's driveway and walkway "contained numerous, substantial defects."[2] When Plaintiff brought the defects to Defendants' attention Defendants "attempted" to fix them, but "many defects remain[ed,]" including:
a. numerous cracks in multiple sections of the driveway;
b. driveway edges and expansion joints that are jagged, severely chipped and not straight;
c. edges of adjacent concrete sections that are misaligned;
d. significant discoloration and staining on multiple concrete sections that remain after pressure washing and the passage of several months;
e. boot prints in the dried concrete left by Defendants' workers;
f. an irregular, rough appearance that is inconsistent with a properly applied "broom finish;" and
g. undulations and general unevenness of the driveway and walkway's surfaces.
Additionally, Defendants poured the new driveway "significantly narrower" than Plaintiff's old driveway. Nonetheless, Plaintiff paid Defendants the full contract price. Plaintiff requested $10,795 in damages for both breach of contract and breach of express warranty.
Defendants filed their answer on 9 June 2016. Defendants raised several affirmative defenses and denied breaching the contract or the express warranty to perform the work in a workmanlike manner.[3] Defendants also asserted "Plaintiff pointed out a few minor areas that she was unreasonably concerned about[,]" but Defendants resolved all of Plaintiff's complaints.
On 8 September 2016, the case went to arbitration, and the arbitrator found in favor of Plaintiff. On 30 September 2016, Defendants requested a trial de novo . The court called the case for trial on 1 June 2017.
Plaintiff testified on her own behalf. On 25 March 2015, Defendants submitted a proposal to Plaintiff to replace her driveway, replace her backyard walkway, and lay stonework for her drains for $11,995. On or about 7 April 2015, Defendants began the stonework and "ripped up" Plaintiff's driveway. Approximately one week later, Defendants completed work on the drains and the driveway. However, Plaintiff was not satisfied with the finished product. On or about 14 April 2015, Plaintiff spoke with Kirsch:
[Kirsch] said he could fix it. And then [Plaintiff] said, "[she didn't] think [he] can 'cause [he] need[ed] a miracle." And then he was going to replace it. That was that Monday afternoon. He was trying to get a truck to come and get the broken pieces if he would replace it, but he never got in touch with the -- trucking company.
Approximately three days later, one of Defendants' workers called Plaintiff to tell her he was on his way to "come and repair" her driveway. Plaintiff told the worker "no[.]" The worker responded he still planned to replace her driveway. Plaintiff again told the worker "no." Nonetheless, Plaintiff received another call saying Defendants' workers were going to repair the driveway.[4]
The next day, Kirsch came to Plaintiff's home but did not tell Plaintiff he was there. Kirsch "patched ... up" Plaintiff's driveway, resulting in the driveway having different colors of concrete. Kirsch left a letter in Plaintiff's mailbox detailing what he repaired. Plaintiff admitted several photographs into evidence, showing her old driveway and new driveway.
When Plaintiff told Defendant about her dissatisfaction, she also asked Kirsch for a proposal for the repairs. Kirsch told Plaintiff he would send her a proposal via letter. However, the only letter Kirsch gave to Plaintiff was the one he left in her mailbox. Although Plaintiff tried to later contact Kirsch, he never responded. Plaintiff obtained quotes on the cost of redoing her driveway. Plaintiff would have to pay more at the time of the trial to redo her driveway than she paid Defendants. Plaintiff did not make any repairs to her driveway since Defendants completed work.
Plaintiff rested. Defendants moved to dismiss. The trial court denied the motion.
Robert Kirsch testified. Kirsch worked in masonry and concrete since 1994 and owned his own business for nearly twelve years. In that time, Kirsch poured "[w]ell over 100" driveways. Defendants admitted photographs into evidence showing the following, as described by Kirsch: (1) normal discoloration from mud, which occurred through no fault of Defendants; (2) a "slight" quarter-inch gap; (3) straight edges and joints on the walkway in the back of Plaintiff's home; (4) a boot print in the concrete; (5) the single crack Kirsch saw when he went to Plaintiff's home to fix her driveway, which could be caused by heat or the settling of the concrete;[5] (6) the front of the driveway with no chips, but some discoloration at the top of the driveway, as a result of Kirsch repairing a crack in that section; and (7) Plaintiff's neighbors' driveways with cracks similar to the crack in Plaintiff's driveway.
Kirsch opined Defendants completed Plaintiff's driveway in a workmanlike manner. Kirsch further opined none of the alleged problems would have any effect on the functionality or longevity of the driveway. Defendants used the correct type of concrete, put the correct foundation beneath the new driveway, and measured the length and width of Plaintiff's old driveway to ensure the new driveway would be the correct size. Defendants rested their case.[6]
On 17 October 2017, the trial court entered judgment in Plaintiff's favor. The court concluded "The Defendants have breached the Contract with Plaintiff and have breached the express warranty of the Contract by failing to perform the work in a workmanlike manner." The trial court ordered Defendants to pay Plaintiff $10,795. On 9 November 2017, Defendants filed timely notice of appeal.
II. Jurisdiction
Defendants have an appeal of right to this Court pursuant to N.C. Gen. Stat. § 7A-27(b)(2) (2017).
III. Standard of Review
"[T]he standard of review for a decision rendered in a non-jury trial is whether there existed competent evidence to support the trial court's findings of fact and whether the findings support the conclusions of law and ensuing judgment." G. R. Little Agency, Inc. v. Jennings , 88 N.C. App. 107, 110, 362 S.E.2d 807, 810 (1987) (citing Quick v. Quick , 305 N.C. 446, 290 S.E.2d 653 (1982) ). "[E]ven in the presence of evidence to the contrary, if there is competent evidence to support the trial court's findings and conclusions, the same are binding on appeal." Id. at 112, 362 S.E.2d at 811 (citing Ayden Tractors v. Gaskins , 61 N.C. App. 654, 301 S.E.2d 523 (1983) ). "Unchallenged findings of fact are presumed correct and are binding on appeal." In re Schiphof , 192 N.C. App. 696, 700, 666 S.E.2d 497, 500 (2008) (citations omitted). "Conclusions of law drawn by the trial judge from the findings of fact are reviewable de novo on appeal." Humphries v. City of Jacksonville , 300 N.C. 186, 187-88, 265 S.E.2d 189, 190 (1980) (citations omitted).
IV. Analysis
Defendants first argue the trial court failed to enter findings to support the conclusion that Defendants breached the contract. Specifically, Defendants contend "The Court did point out some flaws in the driveway, but did not present any Findings of Fact that would lead to a conclusion that any particular flaw was a breach of the express contract between the parties." We disagree.
"Findings of fact made by the trial judge must be 'sufficiently specific to enable an appellate court to review the decision and test the correctness of the judgment.' " Wiggins v. Triesler Co., Inc. , 115 N.C. App. 368, 371-72, 444 S.E.2d 245, 247 (1994) (quoting Chemical Realty Corp. v. Home Fed. Sav. & Loan , 65 N.C. App. 242, 249, 310 S.E.2d 33, 37 (1983) ). "Rule 52(a)(1) does not require a recitation of all evidentiary facts, but it does require specific findings on the ultimate facts established by the evidence, which are determinative of the issues involved in the action and essential to support the conclusions of law reached." Id. at 372, 444 S.E.2d at 247 (citation omitted). A breach of contract exists when "a valid contract existed which terms were breached by the defendant." Jackson v. Carolina Hardwood Co. , 120 N.C. App. 870, 871, 463 S.E.2d 571, 572 (1995).
In its order, the trial court described the terms of the contract and numerous issues Plaintiff had with the driveway Defendants constructed-specifically, footprints in the concrete, some sections of the driveway are longer than others, the new driveway is not the same width as the old driveway, some sections of the driveway do not meet, there are cracks in the concrete, and some of the driveway is discolored. While the trial court could have entered more expansive findings, these findings are sufficient to support the conclusion of law that Defendants breached the contract.[7]
Because competent evidence supports a judgment in Plaintiff's favor on the breach of contract claim and this Court affirms the judgment on this ground, we do not need to address Defendants' express warranty contentions. Defendants contend there is no evidence of the standard of quality at the time Defendants performed under the contract. Defendants also argue Plaintiff's case suffers from a "fatal flaw" because Plaintiff did not call an expert to testify work was not done in a workmanlike manner. We need not reach these issues. Below, the trial court awarded Plaintiff $10,795 for either breach of contract or breach of express warranty. Because the breach of contract claim supports an award of the full amount of the damages Plaintiff requested, a discussion of the second claim for breach of warranty, while it might be informative, would not afford Defendants any relief from the judgment.
V. Conclusion
For the foregoing reasons, we affirm the trial court's judgment.
AFFIRMED.
Report per Rule 30(e).
Judges DAVIS and BERGER concur.

Throughout the record and briefs, the parties use "workmanship like manner" and "workmanlike manner" interchangeably. The parties agree they used the term "workmanship like manner" for the express warranty of "workmanlike manner."

Plaintiff's complaint did not include the date Defendants completed the work.

Defendants raised the following affirmative defenses: (1) failure to mitigate damages; (2) the doctrine of setoff; (3) Defendants suffered damage by reason of Plaintiff's conduct; (4) Plaintiff's conduct constituted a waiver of her rights under the contract; (5) Plaintiff's actions constituted a full release and waiver of any and all claims against Defendants; (6) the doctrine of equitable estoppel; (7) Plaintiff owed Defendants the payment under quantum meruit ; and (8) Defendants fulfilled all obligations under the contract and such completion bars Plaintiff's claims.

Plaintiff did not testify as to whom she spoke with during the second call.

Additionally, Defendants' contract with Plaintiff included that Defendants are not responsible for concrete cracking.

At the close of all the evidence, Defendants renewed their motion to dismiss. The record does not show the trial court ruled on the motion.

In their brief, Defendants cite to cases in which courts required plaintiffs to cite in their complaint what portions of a contract defendants breached. These cases were appeals from motions to dismiss due to the plaintiffs' failure to identify a contractual provision in their complaints and do not apply to an appeal from a non-jury trial.