IN THE MATTER OF DANA JAMES HODGE

No. COA01-1265

(Filed 17 September 2002)

**1. Juveniles— improper service—general appearance— jurisdiction**

The trial court had jurisdiction over respondent juvenile with respect to a simple assault petition even though neither respondent nor a parent was served with the summons and notice of hearing issued on 8 February 2001 and the State did not make any further attempts to serve respondent or his parents with the assault petition, because: (1) respondent and his parents were present in the courtroom during the hearing and did not object to the defect in service; and (2) respondent waived any defect in service since his denial of the allegations in the petition and his participation in the hearing on the petition without objection constitute a general appearance.

**2. Appeal and Error— appealability—failure to renew motion to dismiss at close of all evidence**

Respondent juvenile may not challenge on appeal the sufficiency of the evidence to support a charge of assault because

respondent presented evidence following the close of the State's case but failed to renew his motion to dismiss following the close of all evidence.

### 3. Assault— de minimus act—unrecognized defense

The trial court did not err by adjudicating respondent delinquent based on his commission of the offense of simple assault even though respondent juvenile contends any act which he allegedly committed was de minimus and did not rise to the level of criminal activity for a simple assault charge but was only normal boyhood behavior between two brothers, because North Carolina does not recognize such a defense.

### 4. Confessions and Incriminating Statements— juvenile's statements to detective during home visit—not in custody

The trial court did not err in a simple assault case by allowing a detective to testify to statements respondent juvenile made to the detective during a home visit where respondent was neither advised of his constitutional rights nor knowingly and willingly waived those rights, because: (1) N.C.G.S. § 7B-2101 provides that a juvenile must be in custody before it becomes necessary to inform him of his rights, and respondent was not in custody when he made the statements since no proceeding had been initiated against respondent and the purpose of the detective's visit was solely to investigate the allegation; and (2) there was no requirement that defendant be informed of or waive such rights prior to the interview.

### 5. Assault— simple assault—failure to allege specific date

The trial court did not err by adjudicating respondent delinquent based on his commission of the offense of simple assault even though respondent juvenile contends the petition was fatally defective based on the fact that it did not allege a specific date for the offense but stated it occurred between 1 April 2000 and 15 July 2000, because: (1) time is not essential to the allegation of assault; (2) respondent has failed to affirmatively establish that he was either misled as a result of the time period listed in the indictment or that he was prejudiced in the presentation of his defense; (3) the listed time period was not so vast and unspecific that it could subject respondent to double jeopardy; and (4) North Carolina courts have routinely upheld the use of time periods in indictments which extend beyond that of the two and one-half months listed in this indictment.

IN RE HODGE

[153 N.C. App. 102 (2002)]

Appeal by respondent from order entered 21 February 2001 by Judge Robert B. Rader in Wake County District Court. Heard in the Court of Appeals 15 August 2002.

> Attorney General Roy A. Cooper, III, by Assistant Attorney General Lisa Granberry Corbett, for the State.

> Miller & Shedor, PLLC, by Marty E. Miller, for respondent-appellant.

MARTIN, Judge.

Dana James Hodge ("respondent") appeals from an order adjudicating him delinquent based upon his commission of the offense of simple assault. The record establishes that during the spring and early summer of 2000, respondent was on probation for a previous charge of possession of stolen property. As a result, respondent was required to meet with a court counselor, Barbara Pherribo. Pherribo met with respondent and his parents on 16 May 2000. During the meeting, respondent's parents informed Pherribo that respondent's younger brother Daniel had accusedl respondent of putting his penis in Daniel's moutn. On 13 July 2000, Detective Rose Beane of the Wake County Sheriff's Office met with respondent, his mother, and Daniel in their home. Daniel told Detective Beane he had accused respondent of putting his penis in his mouth because he was upset with respondent. Daniel also told Detective Beane that respondent "beat[s] [him] up," "punches [him]," and "drags him on the floor." Respondent admitted to having taken his penis out of his pants, but denied putting it near Daniel's face. Respondent admitted to Detective Beane that he sometimes "beat[s] his brothers up."

On 20 October 2000, a juvenile petition was issued alleging that between 1 January 2000 and 1 July 2000, respondent "unlawfully [and] willfully did take immoral, improper, and indecent liberties with Daniel . . . for the purpose of arousing and gratifying sexual desire." The petition was properly served on respondent and his mother, along with a summons and notice of hearing. On 6 February 2001, another juvenile petition was issued alleging respondent committed simple assault on Daniel by hitting and kicking him between 1 April 2000 and 15 July 2000. A summons and notice of hearing addressed to respondent's mother was issued on 8 February 2001, but was returned unserved on 14 February 2001.

Both petitions came to hearing on 21 February 2001. Respondent, his parents, and Daniel were present for the hearing. At the close of

the State's evidence, the trial court granted respondent's motion to dismiss the charge of indecent liberties, but denied the motion as to the assault charge. Respondent presented evidence that he and Daniel "just play like regular brothers" and that their behavior towards one another is "normal brother behavior." The trial court entered an order on 21 February 2001 adjudicating respondent delinquent based upon his commission of simple assault.

---

Respondent appeals, bringing forward five assignments of error. Respondent has failed to enumerate the corresponding assignment of error immediately beneath each argument in his appellate brief, as required by N.C.R. App. P. 28(b)(6). Although this failure subjects his appeal to dismissal, as respondent's five arguments correspond with five of his six assignments of error of record, we exercise our discretion to review the merits of his appeal under N.C.R. App. P. 2. *See State v. Gaither*, 148 N.C. App. 534, 559 S.E.2d 212 (2002).

[1] Respondent first argues the trial court did not have personal jurisdiction over him with respect to the simple assault petition. Respondent correctly notes that according to G.S. § 7B-1806, the summons and petition must be "personally served upon the parent, the guardian, or custodian and the juvenile not less than five days prior to the date of the scheduled hearing." N.C. Gen. Stat. § 7B-1806 (2002). Respondent emphasizes it is undisputed that neither he nor a parent was served with the summons and notice of hearing issued on 8 February 2001, and that the State did not make any further attempts to serve respondent or his parents with the assault petition.

However, respondent and his parents were present in the courtroom during the hearing and did not object to the defect in service. At the beginning of the proceedings, the district attorney clearly stated respondent was in court "on two delinquency petitions," and proceeded to describe both charges, including that one of the petitions alleged respondent was guilty of simple assault for kicking and hitting Daniel. After describing both petitions, respondent, through counsel, denied the allegations contained in the "two petitions," and proceeded to put on evidence during the hearing.

Delinquency proceedings under the Juvenile Code are civil in nature, and accordingly, "proceedings in juvenile matters are to be governed by the Rules of Civil Procedure." *Matter of Bullabough*, 89 N.C. App. 171, 179, 365 S.E.2d 642, 646 (1988). In civil cases, it is well-established that a court may not exercise jurisdiction over a person

IN RE HODGE

[153 N.C. App. 102 (2002)]

without valid service of process. *Ryals v. Hall-Lane Moving and Storage Co., Inc.*, 122 N.C. App. 242, 247, 468 S.E.2d 600, 604, *disc. review denied*, 343 N.C. 514, 472 S.E.2d 19 (1996). "However, a person may submit himself to the jurisdiction of the court, if he makes a general appearance, even if the court has not already obtained jurisdiction over defendant by serving him with process." *Id.*

> An appearance constitutes a general appearance if the defendant invokes the judgment of the court on any matter other than the question of personal jurisdiction. The appearance must be for a purpose in the cause, not a collateral purpose. The court will examine whether the defendant asked for or received some relief in the cause, participated in some step taken therein, or somehow became an actor in the cause. Our courts have applied a very liberal interpretation to the question of a general appearance and almost anything other than a challenge to personal jurisdiction or a request for an extension of time will be considered a general appearance.

*Bullard v. Bader*, 117 N.C. App. 299, 301, 450 S.E.2d 757, 759 (1994) (citations omitted) (holding defendant's action in submitting information relevant to merits of case prior to asserting lack of jurisdiction constituted general appearance).

Here, respondent's and his parents' presence in the courtroom during the hearing on the simple assault petition, respondent's denial of the allegations contained in that petition, and his participation in the hearing on that petition without objection constitute a general appearance for purposes of waiving any defect in service. Accordingly, the trial court properly exercised personal jurisdiction over respondent.

[2] Respondent next argues the trial court erred in failing to dismiss the simple assault charge. He maintains the State failed to prove the elements of simple assault by failing to show respondent acted with malice, intent to harm, or that Daniel was in reasonable fear of physical harm. While respondent moved to dismiss the simple assault petition after the close of the State's evidence, he failed to renew that motion following the close of all evidence. N.C.R. App. P. 10(b)(3) provides in pertinent part that a defendant who moves to dismiss a charge based on insufficiency of the evidence after the close of the State's evidence waives the benefit of that objection if, after the motion is denied, the defendant presents his own evidence, and such waiver precludes him from urging the denial of the motion as a

**IN RE HODGE**

[153 N.C. App. 102 (2002)]

ground for appeal. The defendant may preserve that argument for appeal only by renewing the motion at the close of all of the evidence. "However, if a defendant fails to move to dismiss the action . . . at the close of all the evidence, he may not challenge on appeal the sufficiency of the evidence to prove the crime charged." N.C.R. App. P. 10(b)(3).

Respondent here presented evidence following the close of the State's case, but failed to renew his motion to dismiss following the close of all evidence, and he therefore cannot assert the denial of his motion as grounds for relief on appeal. *See Matter of Davis,* 126 N.C. App. 64, 66, 483 S.E.2d 440, 442 (1997) (appellate court will not entertain juvenile's argument that State failed to prove charge where juvenile failed to renew motion to dismiss at close of all evidence). We therefore do not address this argument.

**[3]** Third, respondent argues any act which he allegedly committed was *de minimus* and did not rise to the level of criminal activity, but was "only normal boyhood behavior between two brothers." In support of this contention, respondent only cites provisions of the Model Penal Code, which he concedes has not been adopted in North Carolina and is therefore not binding on this Court. Nevertheless, respondent urges us to hold that even if his acts constituted assault under the law, such acts were on such a "small[] scale" that the trial court's order should be vacated. However, North Carolina does not recognize such a defense, and we decline to apply it here. This argument is overruled.

**[4]** Respondent next contends the trial court erred in allowing Detective Beane to testify to statements respondent made to her during her home visit where respondent was neither advised of his constitutional rights nor knowingly and willingly waived those rights. Respondent cites G.S. § 7B-2102, governing juvenile interrogations, which provides:

(a) Any juvenile in custody must be advised prior to questioning:

(1) That the juvenile has a right to remain silent;

(2) That any statement the juvenile does make can be and may be used against the juvenile;

(3) That the juvenile has a right to have a parent, guardian, or custodian present during questioning; and

(4) That the juvenile has a right to consult with an attorney and that one will be appointed for the juvenile if the juvenile is not represented and wants representation.

N.C. Gen. Stat. § 7B-2101 (2002). It is clear from the wording of the statute that a juvenile must be in "custody" before it becomes necessary to inform him of his rights. This "custody" requirement is consistent with the common law *"Miranda"* requirements applied in criminal cases. *See Miranda v. Arizona*, 384 U.S. 436, 16 L. Ed. 2d 694 (1966).

Our Supreme Court recently summarized the law with respect to informing defendants of their juvenile rights and constitutional rights under *Miranda*. *See State v. Gaines*, 345 N.C. 647, 483 S.E.2d 396, *cert. denied*, 522 U.S. 900, 139 L. Ed. 2d 177 (1997). The Court observed that the requirement of being informed of such rights only applies where a defendant is subject to "custodial interrogation." *Id.* at 661, 483 S.E.2d at 404. "Custodial interrogation ' "mean[s] questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." ' " *Id.* at 661-62, 483 S.E.2d at 405 (citations omitted). One inquiry in determining whether a person is in custody is "whether a reasonable person in the suspect's position would feel free to leave." *Id.* at 662, 483 S.E.2d at 405. However, the definitive inquiry for the appellate court, based on all of the circumstances surrounding the interrogation, is "whether there was a formal arrest or a restraint on freedom of movement of the degree associated with a formal arrest." *Id.* (citing *Stansbury v. California*, 511 U.S. 318, 128 L. Ed. 2d 293 (1994) *(per curiam)*). Although any interview of a suspect will necessarily possess coercive aspects, *Miranda* warnings are not required simply because the questioned person is suspected by the police of wrongdoing. *Id.*

The trial court's finding that respondent was not in custody when he made the statements to which Detective Beane testified is supported by the evidence. The evidence establishes that Detective Beane spoke to respondent, his mother, and Daniel in the living room of their home as a result of an allegation made by Daniel. No proceedings had been initiated against respondent, and the purpose of Detective Beane's visit was solely to investigate the allegation. Detective Beane testified that she prefaced her interview with respondent by saying, "[y]ou don't have to talk to me," "I am not going to arrest you," "I am not going to take you with me," and that she "joke[d]" with respondent about how he would not be able to go with

her and that he needed to stay at home with his parents. Detective Beane testified she did not inform respondent of his rights because respondent was not in custody.

Based on this evidence, and all circumstances surrounding respondent's interview, we conclude respondent was not subject to a restraint on his freedom of movement of the degree associated with a formal arrest. Thus, respondent was not in custody for purposes of being informed of his juvenile or *Miranda* rights, and the trial court correctly determined that there was no requirement that defendant be informed of, or waive, such rights prior to the interview.

**[5]** In his final argument, respondent maintains the simple assault petition was fatally defective because it did not allege a specific date for the offense. Rather, the petition alleged the assault occurred between 1 April 2000 and 15 July 2000. Respondent argues this was insufficient to inform him of the conduct to which the petition was addressed. We disagree.

To be valid, an indictment must allege either a designated date *or* a period of time during which the crime occurred. *State v. Stewart*, 353 N.C. 516, 546 S.E.2d 568 (2001). Our Supreme Court has held that the time period listed in an indictment is generally not considered an essential element of the crime charged, and thus, a judgment should only be vacated for an error if time was of the essence of the offense and the error or omission misled the defendant to his prejudice. *State v. Osborne*, 149 N.C. App. 235, 245-46, 562 S.E.2d 528, 536 (2002). The Supreme Court has further determined that time is of the essence only where it " ' "deprives a defendant of an opportunity to adequately present his defense." ' " *Id.* at 246, 562 S.E.2d at 536 (citations omitted). In order for any error or omission in the time period to constitute error on appeal, a defendant must affirmatively establish that he was mislead as a result, or that he was hampered in the presentation of his defense. *Id.*

Here, time is not essential to the allegation of assault, and respondent has failed to affirmatively establish that he was either mislead as a result of the time period listed in the indictment, or that he was prejudiced in the presentation of his defense; nor do we discern any such prejudice from review of the transcript. Moreover, we are unpersuaded by respondent's argument that the listed time period was so vast and unspecific that it could subject him to double jeopardy. Our courts have routinely upheld the use of time periods in indictments which extend beyond that of the two and one-half

months listed in the indictment here. *See State v. Blackmon*, 130 N.C. App. 692, 697, 507 S.E.2d 42, 45-46 (rejecting double jeopardy argument based on indictment alleging that between 1 January and 12 September 1994 defendant engaged in sexual acts and indecent liberties with minor victim; given that victim testified some of alleged acts occurred when it was warm outside and some when it was cold outside, indictment was sufficiently specific), *cert. denied*, 349 N.C. 531, 526 S.E.2d 470 (1998); *State v. McKinney*, 110 N.C. App. 365, 371, 430 S.E.2d 300, 303-04 (upholding indictment which listed two-year time frame for occurrence of sexual offense), *disc. review and cert. denied*, 334 N.C. 437, 433 S.E.2d 182 (1993).

The order of the trial court adjudicating respondent delinquent based on his commission of the offense of simple assault is affirmed.

Affirmed.

Judges TYSON and THOMAS concur.