IN THE MATTER OF: I.P.
No. COA07-1430
Court of Appeals of North Carolina
Filed July 1, 2008
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General G. Mark Teague, for the State.
Annick Lenoir-Peek for the respondent-appellant.
MARTIN, Chief Judge.
Respondent I.P. appeals from an order adjudicating her a delinquent juvenile. We affirm.
The State presented evidence at the adjudicatory hearing which tended to show the following: Beth Garson operated a foster care home in Gaston County, North Carolina. Respondent had been living in the home for approximately two years. Garson testified that respondent suffered from bipolar disorder, Attention Deficit Hyperactivity Disorder ("ADHD"), and Asbergers Syndrome. Respondent had been prescribed several medications to treat her condition, but nevertheless suffered from seasonal manic episodes where she would become violent and aggressive. On 29 March 2007, Garson testified that respondent was having a manic episode. Garson and respondent had just arrived home when respondent began yelling that she wanted to call the Department of Social Services because Garson "wasn't feeding her at that present moment." Respondent went upstairs into Garson's bedroom, picked up a telephone and threw it at a wall, breaking the antenna off of the telephone. After respondent calmed down, Garson went upstairs, picked up the telephone, put it back in her room and locked the door. Garson then headed back downstairs. As Garson passed respondent and proceeded down the stairs, respondent hit Garson in the back. Garson testified that respondent used a "fist" and hit her hard enough that she was "jerked" or pushed forward by the blow.
On 30 March 2007, a juvenile petition was filed alleging that respondent had committed a simple assault upon Garson in violation of N.C. Gen. Stat. § 14-33(a) . Later on the same day, a second petition was filed alleging that respondent did "assault and strike Beth Susan Garson by striking her about the back with her fist. In Violation of G.S. 14-33(a) Simple Assault." On 24 May 2007, respondent was adjudicated a delinquent juvenile. On 25 June 2007, the trial court entered a Level I disposition and placed respondent on probation for six months. Respondent appeals.
Respondent first argues that the trial court did not have subject matter jurisdiction because the court failed to determine whether a proper summons had been issued. Respondent notes that two petitions were filed alleging the simple assault, but only one summons was issued. The State dismissed the first petition. Respondent contends, however, that there is no indication as to which petition the summons was attached. Thus, petitioner argues that because there is no way to identify to which petition the summons was attached, process was defective and subject matter jurisdiction was not acquired by the trial court. We are not persuaded.
Pursuant to N.C. Gen. Stat. § 7B-1805
Immediately after a petition has been filed alleging that a juvenile is undisciplined or delinquent, the clerk shall issue a summons to the juvenile and to the parent, guardian, or custodian requiring them to appear for a hearing at the time and place stated in the summons. A copy of the petition shall be attached to each summons.
N.C. Gen. Stat. § 7B-1805(a) (2007). "The summons and petition shall be personally served upon the parent, the guardian, or custodian and the juvenile not less than five days prior to the date of the scheduled hearing." N.C. Gen. Stat. § 7B-1806 (2007). Without valid service of the petition and summons, the trial court may not exercise jurisdiction over a person. In re Hodge, 153 N.C. App. 102, 105-06, 568 S.E.2d 878, 880 (2002). "`However, a person may submit himself to the jurisdiction of the court, if he makes a general appearance, even if the court has not already obtained jurisdiction over defendant by serving him with process.'" Id. at 106, 568 S.E.2d at 880 (quoting Ryals v. Hall-Lane Moving and Storage Co., Inc., 122 N.C. App. 242, 247, 468 S.E.2d 600, 604, disc. review denied, 343 N.C. 514, 472 S.E.2d 19 (1996)). This Court has also stated that: An appearance constitutes a general appearance if the defendant invokes the judgment of the court on any matter other than the question of personal jurisdiction. The appearance must be for a purpose in the cause, not a collateral purpose. The court will examine whether the defendant asked for or received some relief in the cause, participated in some step taken therein, or somehow became an actor in the cause. Our courts have applied a very liberal interpretation to the question of a general appearance and almost anything other than a challenge to personal jurisdiction or a request for an extension of time will be considered a general appearance.
Id. (quoting Bullard v. Bader, 117 N.C. App. 299, 301, 450 S.E.2d 757, 759 (1994) (citations omitted)).
Here, respondent's presence in the courtroom during the hearing on the simple assault petition, her denial of the allegations contained in that petition, and her participation in the hearing on that petition without objection constitute a general appearance for purposes of waiving any defect in service. See id. (respondent waived any defect in service where he and his parents were present in the courtroom during the hearing and did not object to the defect in service; the district attorney described the charges in the petition and respondent denied the allegations; and respondent proceeded to put on evidence during the hearing). Accordingly, we conclude the trial court properly exercised jurisdiction over respondent.
We next consider respondent's argument that the petition was deficient because it failed to allege the essential elements of the offense. We disagree.
This Court has stated: [A] petition in a juvenile action serves essentially the same function as an indictment in a felony prosecution and is subject to the same requirement that it aver every element of a criminal offense, with sufficient specificity that the accused is clearly apprised of the conduct for which he is being charged.
In re Griffin, 162 N.C. App. 487, 493, 592 S.E.2d 12, 16 (2004). Here, the juvenile petition alleged simple assault pursuant to N.C. Gen. Stat. § 14-33(a), in that respondent did "assault and strike Beth Susan Garson by striking her about the back with her fist. In Violation of G.S. 14-33(a) Simple Assault." Respondent asserts the petition is fatally defective because it did not sufficiently allege the elements of assault. Specifically, respondent claims that the petition failed to allege that she intended to harm Garson, or that Garson was placed in fear of physical harm.
Our Supreme Court has stated:
There is no statutory definition of assault in North Carolina, and the crime of assault is governed by common law rules. G.S. 14-33 does not create a new offense . . ., but only provides for different punishments for various types of assault.
This Court generally defines the common law offense of assault as an overt act or an attempt, or the unequivocal appearance of an attempt, with force and violence, to do some immediate physical injury to the person of another, which show of force or menace of violence must be sufficient to put a person of reasonable firmness in fear of immediate bodily harm.
This common law rule places emphasis on the intent or state of mind of the person accused. The decisions of the Court have, in effect, brought forth another rule known as the "show of violence rule," which places the emphasis on the reasonable apprehension of the person assailed. The "show of violence rule" consists of a show of violence accompanied by reasonable apprehension of immediate bodily harm or injury on the part of the person assailed which causes him to engage in a course of conduct which he would not otherwise have followed. . . . Thus, there are two rules under which a person may be prosecuted for assault in North Carolina.
State v. Roberts, 270 N.C. 655, 658, 155 S.E.2d 303, 305 (1967) (citations and internal quotation marks omitted). Furthermore, this Court has stated:
[I]t is . . . not necessary that the victim be placed in fear in order to sustain a conviction for assault. All that is necessary to sustain a conviction for assault is evidence of an overt act showing an intentional offer by force and violence to do injury to another sufficient to put a person of reasonable firmness in apprehension of immediate bodily harm.
State v. Musselwhite, 59 N.C. App. 477, 481, 297 S.E.2d 181, 184 (1982).
The petition in the instant case alleged that respondent assaulted Garson by "striking her about the back with her fist." We conclude that the petition sufficiently alleged "an overt act showing an intentional offer by force and violence to do injury to another sufficient to put a person of reasonable firmness in apprehension of immediate bodily harm" in accordance with Mussel white. Id. Accordingly, we hold that the indictment was sufficient.
Last, we consider respondent's argument that the trial court erred by denying her motion to dismiss at the close of the evidence. After careful review of the record, briefs, and contentions of the parties, we reject her argument.
"[I]n order to withstand a motion to dismiss the charges contained in a juvenile petition, there must be substantial evidence of each of the material elements of the offense charged." In re Bass, 77 N.C. App. 110, 115, 334 S.E.2d 779, 782 (1985). "`Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion.'" State v. Cross, 345 N.C. 713, 717, 483 S.E.2d 432, 434 (1997) (quoting State v. Olson, 330 N.C. 557, 564, 411 S.E.2d 592, 595 (1992)). In reviewing a motion to dismiss a juvenile petition, "[t]he evidence must be considered in the light most favorable to the State, and the State is entitled to receive every reasonable inference of fact that may be drawn from the evidence." In re Brown, 150 N.C. App. 127, 129, 562 S.E.2d 583, 585 (2002).
An assault is "an overt act or attempt, with force or violence, to do some immediate physical injury to the person of another, which is sufficient to put a person of reasonable firmness in fear of immediate physical injury." State v. Porter, 340 N.C. 320, 331, 457 S.E.2d 716, 721 (1995). Respondent cites Garson's testimony regarding the alleged assault that she "didn't know if it was intentional or not" and asserts that there was reasonable doubt as to whether respondent was in control of her actions. We find respondent's argument unpersuasive.
"Intent is a mental attitude seldom provable by direct evidence. It must ordinarily be proved by circumstances from which it may be inferred." State v. Bell, 285 N.C. 746, 750, 208 S.E.2d506, 508 (1974). Here, when Garson testified that she did not know if respondent's attack was intentional, she was merely explaining that she did not see respondent hit her because her back was to her. Garson further explained that during respondent's manic episodes, respondent "flails" out at "anybody who makes her mad." Garson stated that when respondent "loses control, she really loses control." However, Garson also testified that she thought that respondent had "calm[ed] down." Respondent was no longer screaming at her and "was just sitting at the top of the stairs." In denying respondent's motion to dismiss, the trial court relied on Garson's testimony that respondent had calmed down, stating that:
[T]he episode was over with. That question of control, at that point, is over because [respondent] certainly had enough control to sit on the stairs and be quiet. She wasn't still throwing things; she wasn't still acting out. She was being in control enough that she was sitting on the stairs, behaving herself, until Ms. Garson walked by.
In a juvenile adjudication hearing, "the court is empowered to assign weight to the evidence presented at the trial as it deems appropriate." In Re Oghenekevebe, 123 N.C. App. 434, 439, 473 S.E.2d 393, 397 (1996) (citing G.R. Little Agency, Inc. v. Jennings, 88 N.C. App. 107, 112, 362 S.E.2d 807, 811 (1987)). "In this situation, the trial judge acts as both judge and jury, thus resolving any conflicts in the evidence." Id. In the light most favorable to the State, we conclude there was sufficient evidence for the court to determine that respondent was in control of her actions. Accordingly, we affirm.
Affirmed. Judges CALABRIA and STROUD concur.
Report per Rule 30(e).