In the Matter of: C.G.
No. COA08-552
Court of Appeals of North Carolina
Filed February 17, 2009
This case not for publication
Attorney General Roy A. Cooper, III, by Assistant Attorney General Tawanda Foster-Williams, for the State.
Lisa Skinner Lefler, for juvenile-appellant.
STEELMAN, Judge.
Where the juvenile was not in custody during an interview with Detective Simmons, the trial court did not err in admitting juvenile's statement. Where the State presented substantial evidence of a breaking and entering and of juvenile being the perpetrator, the trial court did not err in denying juvenile's motion to dismiss.

I. Factual and Procedural Background
On 23 March 2007, Mr. David Odom was in his home in Charlotte. Mr. Odom had a surveillance camera trained on his back door, and the monitor for this camera was located in a rear bedroom where Mr. Odom was working. Mr. Odom observed a "kid" knocking on his back door. Subsequently, Mr. Odom observed an individual entering his home through a picture window at the front of his home. Mr. Odom testified that he observed part of the individual's head and the individual's hands and arms coming through the window. The individual then fled Mr. Odom's home. Mr. Odom contacted the police and described the intruder as a young black man, wearing a long-sleeved yellow shirt. Approximately ten minutes later, Officer Phillip Thompson arrived at Mr. Odom's home and took his statement. At the same time, Officer Keith Trietly came into contact with C.G. ("juvenile") less than a quarter of a mile from Mr. Odom's house. Juvenile was walking near the woods and holding a yellow t-shirt in his hand. Mr. Odom subsequently identified juvenile as the intruder into his home.
On 24 April 2007, Dennis Simmons, a detective with the Charlotte-Mecklenburg Police Department, interviewed juvenile in the school attendance office of Vance High School, where juvenile was a student. On 5 July 2007, a juvenile petition was filed against juvenile alleging felonious breaking and entering. At trial, juvenile pled not responsible and was subsequently adjudicated delinquent of felonious breaking and entering. Juvenile was given a level one disposition and placed on juvenile probation for six months with terms and conditions. Juvenile appeals.

II. Motion to Suppress
In his first argument, juvenile contends that the trial court erred in failing to suppress his statement to the investigating detective on the grounds that the statement was obtained as the result of a custodial interrogation and that juvenile was not advised of his rights. We disagree.
N.C. Gen. Stat. § 7B-2101 sets out mandatory procedures which must be followed when a juvenile is interrogated by a law enforcement officer. N.C. Gen. Stat. § 7B-2101(d) provides: "Before admitting into evidence any statement resulting from custodial interrogation, the court shall find that the juvenile knowingly, willingly, and understandingly waived the juvenile's rights." A juvenile's rights under N.C. Gen. Stat. § 7B-2101 and Miranda v. Arizona, 384 U.S. 436, 444, 16 L. Ed. 2d 694, 706 (1966), apply only where a juvenile is subjected to a custodial interrogation. State v. Gaines, 345 N.C. 647, 661-62, 483 S.E.2d 396, 404-05 (1997). Custodial interrogation is defined as "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." State v. Phipps, 331 N.C. 427, 441, 418 S.E.2d 178, 185 (1992) (quoting Miranda at 444, 16 L. Ed. 2d at 706). "To determine whether a person is in custody, the test is whether a reasonable person in the suspect's position would feel free to leave." Gaines at 662, 483 S.E.2d at 405 (citation omitted). "In determining whether an individual is in custody, this Court decides, based on the totality of circumstances, whether there was a `formal arrest or restraint on freedom of movement' of the degree associated with a formal arrest." State v. Kemmerlin, 356 N.C. 446, 456-57, 573 S.E.2d 870, 880 (2002) (quotation and citations omitted). "It is well established that the standard of review in evaluating a trial court's ruling on a motion to suppress is that the trial court's findings of fact `are conclusive on appeal if supported by competent evidence, even if the evidence is conflicting.'" State v. Buchanan, 353 N.C. 332, 336, 543 S.E.2d 823, 826 (2001) (citations and internal quotation marks omitted). However, a trial court's determination of whether a custodial interrogation has occurred is a conclusion of law, and is fully reviewable on appeal. Kemmerlin at 456, 573 S.E.2d at 880 (citation omitted).
At trial, counsel for juvenile made a motion to suppress juvenile's statement, which was denied. In its order entitled Findings of Fact: (1) Admission of Juvenile's Statement (2) Delinquent Adjudication, the trial court made the following findings regarding the admission of juvenile's statement:
6. The Detective got school administrators to get a pass for the juvenile to return to class after the interview was conducted. In fact, the juvenile did return to class and was not arrested or detained after the completion of the interview.
7. The Detective told the juvenile that he was not under arrest, was free to leave, and that he did not have to talk to the detective if he so chose not to. These statements were not recorded by the digital recording device or included in the transcription of the detective's statement with the juvenile.
8. The interview was conducted in an office at the school with just the Detective and the juvenile present. The Detective attempted to leave the door open during the interview but because of noise affecting the digital recording devise [sic], the door was closed.
9. The juvenile sat closest to the door. And the Detective sat behind a desk, with hindered access to the door.
10. There was no mistreatment or coercion on the part of the CMPD Detective towards the juvenile.
11. A reasonable person, of the age of fifteen, would have an elevated pulse rate under the circumstances, but would not have felt that he or she was under arrest.
12. Looking at this case objectively, by using a reasonable person standard and considering the totality of the circumstances, this Court finds that the juvenile was not in custody at the time the interview was conducted, in which the juvenile gave an admission/confession.
Although juvenile argues the findings are not supported by the evidence, the force of juvenile's argument is not a lack of evidentiary basis for the findings, but rather that the findings do not support the trial court's conclusion that there was not a custodial interrogation. Moreover, juvenile failed to assign error to the trial court's findings, and these findings are binding on appeal. State v. Baker, 312 N.C. 34, 37, 320 S.E.2d 670, 673 (1984).
Although the trial court made a finding that juvenile was not in custody at the time of the interview, this is actually a conclusion of law, and we review it de novo. See Kemmerlin at 456, 573 S.E.2d at 880.
In the instant case, the circumstances surrounding the juvenile's interview are similar to those in In re Hodge, 153 N.C.App. 102, 568 S.E.2d 878, appeal dismissed and disc. review denied, 356 N.C. 613, 574 S.E.2d 681 (2002), in which this Court concluded that a juvenile was not in custody when the investigator prefaced her questions by saying "[y]ou don't have to talk to me" and "I am not going to arrest you." Hodge at 108-09, 568 S.E.2d at 882. Like the Detective in Hodge, in the instant case, Detective Simmons informed juvenile that he was free to leave, that he was not under arrest, and that he was not required to speak to Detective Simmons if he chose not to. Additionally, Detective Simmons never touched the juvenile, and the juvenile was informed prior to the interview that he would be returning to class.
We hold that the findings of the trial court support its conclusion that juvenile was not in custody at the time he was questioned.
This argument is without merit.

III. Motion to Dismiss
In his second argument, juvenile contends that the trial court erred in denying his motion to dismiss the charge of felonious breaking and entering due to insufficiency of the evidence. We disagree.
In a juvenile adjudicatory proceeding, the juvenile is entitled to have the evidence evaluated by the same standard that governs a criminal proceeding against an adult. In re Meaut, 51 N.C. App. 153, 155, 275 S.E.2d 200, 201-02 (1981). "Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied." State v. Powell, 299 N.C. 95, 98, 261 S.E.2d 114, 117 (1980) (citations omitted). "Evidence is substantial if it is relevant and adequate to convince a reasonable mind to accept a conclusion." State v. Murray, 154 N.C. App. 631, 634, 572 S.E.2d 845, 847 (2002) (quotation omitted). The court must view the evidence in the light most favorable to the State, and the State is entitled to all reasonable inferences which may be drawn from the evidence. State v. Fritsch, 351 N.C. 373, 378-79, 526 S.E.2d 451, 455 (2000) (citation omitted).
"The essential elements of felonious breaking or entering are (1) the breaking or entering (2) of any building (3) with the intent to commit any felony or larceny therein." State v. Litchford, 78 N.C. App. 722, 725, 338 S.E.2d 575, 577 (1986).
Juvenile argues that the State did not present sufficient evidence of his being the perpetrator of the offense, or that a breaking and entering occurred. He asserts that the testimony at the hearing merely established that he was at the window, but was insufficient to show that he crossed the threshold.
In light of our holding that the trial court properly admitted juvenile's statement, in which he acknowledged reaching into the window of Mr. Odom's home with the intent to steal or commit larceny, we hold that the State presented substantial evidence that juvenile was the perpetrator. We further hold that the State presented substantial evidence of a breaking or entering. The evidence, viewed in the light most favorable to the State, was that juvenile reached his arms, hands, and part of his head through the picture window of Mr. Odom's home with the intent to commit a larceny therein.
This argument is without merit.
Defendant fails to argue his remaining assignment of error in his brief and it is deemed abandoned. N.C. R. App. P. 28(b)(6) (2008).
AFFIRMED
Judges GEER and STEPHENS concur.
Report per Rule 30(e).