An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-808

Filed 18 March 2026

Sampson County, No. 24JB000138-810

IN THE MATTER OF: J.A.T.M.

Appeal by Respondent from orders entered 21 March 2025 by Judge William M. Cameron III in Sampson County District Court. Heard in the Court of Appeals 24 February 2026.

> *Attorney General Jeff Jackson, by Special Deputy Attorney General Anne P. Martin, for the State.*

> *Appellate Defender Glenn Gerding, by Assistant Appellate Defender David S. Hallen, for Respondent.*

GRIFFIN, Judge.

Respondent James[1] appeals from both the adjudication order finding him to be a delinquent juvenile for a false report of mass violence on educational property and the disposition order placing him on supervised probation for six months. James argues the trial court erred by adjudicating him responsible where the State failed to present substantial evidence that James made a "report" within the meaning of N.C.

---

[1] We use a pseudonym to protect the juvenile's identity and for the ease of reading. *See* N.C. R. App. P. 42(b).

Gen. Stat. § 14-277.5(b). In the alternative, James claims he received ineffective assistance of counsel. Additionally, he contends the trial court failed to make sufficient findings under N.C. Gen. Stat. § 7B-2501. We affirm the trial court's adjudication order, hold James did not receive ineffective assistance of counsel, and remand the dispositional order for further findings of fact.

## I.    Factual and Procedural Background

In the fall of 2024, James was fourteen years old and an eighth grader at Midway Middle School. On 6 November 2024, James attended his English class, taught by Diana Herring. The class consisted of about twenty-five students. At the beginning of class that day, the students were doing work at their desks. During this seatwork, Herring heard a "loud slap sound." Responding to the noise, Herring looked up and saw James standing next to another student, Jesse.[2] As Jesse was holding his back, Herring asked him if James had hit him. Jesse did not respond right away, but James chimed in that he did not hit Jesse that hard. Herring began to write up James, but changed course as the rest of her class was getting antsy. So, instead, Herring began to prepare an audio lesson.

While Herring was setting up the audio, a third student, Frank,[3] began talking to James. Herring did not hear what Frank said to James, but heard James's response to Frank: "If you don't stop, I'm going to shoot up the school." Consequently,

---

[2] We again use a pseudonym to protect the minor's identity. *Id.*

[3] This is a pseudonym to protect this child's identity, as well. *Id.*

Herring called the school office, but no one answered. Herring then finished James's write-up, including his comment about threatening to shoot up the school. Shortly after Herring submitted her write-up, the principal came to Herring's classroom and pulled James out of the class. James received a ten-day out-of-school suspension for his conduct.

The Sampson County district attorney filed a juvenile delinquency petition alleging James made a false report of mass violence on educational property. On 21 March 2025, the trial court adjudicated James responsible and imposed a Level 1 disposition with six months of supervised probation. James timely appeals the adjudication and disposition orders.

## II. Analysis

### A. Sufficiency of Evidence

James claims the trial court erred by adjudicating him responsible for making a false report of mass violence on educational property. He alleges the State failed to present substantial evidence that James made an applicable "report."

Juveniles may only challenge the sufficiency of evidence on appeal if the juvenile moved to dismiss the juvenile petition at the close of evidence. *In re Hartsock*, 158 N.C. App. 287, 291, 580 S.E.2d 395, 398 (2003) (citation omitted). Therefore, if a juvenile fails to move to dismiss the petition, then the sufficiency of evidence challenge is not preserved. *In re Hodge*, 153 N.C. App. 102, 107, 568 S.E.2d 878, 881 (2002) (citation omitted).

Here, James failed to move to dismiss the petition at the close of evidence. Thus, James may not challenge the sufficiency of evidence on appeal as his challenge is not preserved. Nevertheless, James requests the invocation of Rule 2 of the North Carolina Rules of Appellate Procedure. Rule 2 allows this Court to suspend or vary requirements in our appellate procedure rules to prevent manifest injustice. N.C. R. App. P. 2. We decline to invoke Rule 2.

Alternatively, James alleges he received ineffective assistance of counsel as his counsel failed to move to dismiss the petition for insufficiency of evidence of a "report" made.

To succeed on an ineffective assistance of counsel claim, a respondent must show: (1) his or her trial counsel's performance was deficient and (2) the deficient performance prejudiced the respondent. *State v. Allen*, 360 N.C. 297, 316, 626 S.E.2d 271, 286 (2006). A respondent shows counsel's performance was deficient by demonstrating the representation failed to objectively meet a standard of reasonableness. *Wiggins v. Smith*, 539 U.S. 510, 521 (2003); *Allen*, 360 N.C. at 316, 626 S.E.2d at 286. To demonstrate prejudice, a respondent must show there was a reasonable probability of a different outcome but for counsel's errors. *Allen*, 360 N.C. at 316, 626 S.E.2d at 286. This Court does not need to determine whether counsel's performance was deficient if we can first determine there is no reasonable probability of a different outcome in absence of the trial counsel's errors. *State v. Braswell*, 312 N.C. 553, 563, 324 S.E.2d 241, 249 (1985).

A case with "'*any* evidence tending to prove the fact in issue, or which reasonably conduces to its conclusion as a fairly logical and legitimate deduction'" should survive a motion to dismiss for insufficiency of evidence. *State v. Taylor*, 379 N.C. 589, 611, 866 S.E.2d 740, 757 (2021) (citations omitted). In resolving whether the evidence was sufficient, "the trial court must examine the evidence in the light most advantageous to the State, drawing all reasonable inferences from the evidence in favor of the State's case." *State v. Mann*, 355 N.C. 294, 301, 560 S.E.2d 776, 781 (2002) (citation omitted).

A person is guilty of making a false report concerning mass violence on educational property when he or she, by any communication means, makes a report to any person "knowing or having reason to know the report is false, that an act of mass violence is going to occur on educational property." N.C. Gen. Stat. § 14-277.5(b) (2023). A "report" within the meaning of this statute is one "that a reasonable person would believe could represent" a credible threat. *In re D.W.L.B.*, 267 N.C. App. 392, 395, 832 S.E.2d 565, 567–68 (2019). Furthermore, communication tends to constitute a "report" when it is directed to at least one person and actually heard or seen by someone. *Id.* at 394–95, 832 S.E.2d at 567–68.

Here, assuming arguendo James's counsel should have moved to dismiss the petition for insufficient evidence, counsel's omission did not prejudice James since the State presented sufficient evidence. *In re D.R.J.*, 295 N.C. App. 352, 358, 906 S.E.2d 34, 39 (2024) (citing *In re Clapp*, 137 N.C. App. 14, 24, 526 S.E.2d 689, 696 (2000)).

In the light most favorable to the State, evidence shows James directed his statement, "if you don't stop, I'm going to shoot up the school," to Frank. Not only did Frank hear James's statement, but Herring also heard it. Herring, believing James's statement could represent a credible threat, tried to call the principal and submitted James's conduct in a behavioral write-up. Moreover, because of James's conduct, the school suspended him from school for ten days.

Drawing all reasonable inferences in favor of the State, evidence demonstrates the report having been directed to and heard by at least one person. Also, the record shows Midway Middle School staff believed the statement could represent a credible threat that warranted a lengthy out-of-school suspension. This evidence tends to show James made a report within the statutory meaning; therefore, this case would have survived a motion to dismiss for insufficiency of evidence. Thus, as James fails to show a reasonable probability of a different outcome but for counsel's error, James was not prejudiced.

Since we determined there is no reasonable probability of a different outcome in absence of the trial counsel's alleged error, we need not determine whether counsel's performance was deficient. Consequently, James has failed to show a successful ineffective assistance of counsel claim.

**B. Written Findings of Fact**

In his second issue, James argues the disposition order should be vacated for a lack of sufficient written findings pursuant to N.C. Gen. Stat. § 7B-2501(c).

We review alleged statutory errors de novo. *In re J.A.D.*, 283 N.C. App. 8, 21, 872 S.E.2d 374, 385 (2022) (citation omitted). A juvenile delinquency disposition order must be written and include the appropriate findings of fact and conclusions of law. N.C. Gen. Stat. § 7B-2512 (2023); *In re V.M.*, 211 N.C. App. 389, 391–92, 712 S.E.2d 213, 215–16 (2011). Additionally, a trial court must choose a disposition for the juvenile based upon each of the following factors:

> (1) The seriousness of the offense;
>
> (2) The need to hold the juvenile accountable;
>
> (3) The importance of protecting the public safety;
>
> (4) The degree of culpability indicated by the circumstances of the particular case; and
>
> (5) The rehabilitative and treatment needs of the juvenile indicated by a risk and needs assessment.

N.C. Gen. Stat. § 7B-2501(c) (2023); *see J.A.D.*, 283 N.C. App. at 22, 872 S.E.2d at 385–86 (citation omitted). The "trial court has the responsibility to make written findings of fact showing it considered" these factors. *In re A.G.J.*, 291 N.C. App. 322, 325–26, 895 S.E.2d 870, 872 (2023) (receiving negative treatment for another reason) (citing *In re N.M.*, 290 N.C. App. 482, 485, 892 S.E.2d 643, 646 (2023)). Simply "incorporating the reports by reference is insufficient to meet the statutory requirements set forth in Section 7B-2501(c)." *Id.* at 326, 895 S.E.2d at 873 (citation omitted).

Here, in ordering a Level 1 disposition, the trial court, by checking a box on the form, incorporated the contents of James's pre-disposition report, risk assessment, and needs assessment by reference. However, the trial court's reliance on simply incorporating these documents is insufficient to meet statutory requirements. While the standardized disposition form even includes a reminder to address additional findings regarding the relevant factors, the trial court failed to make written findings of fact showing it considered the section 7B-2501(c) factors. Therefore, we hold the trial court's dispositional order contains insufficient findings of fact to allow this Court to determine whether the trial court properly considered the relevant factors. *V.M.*, 211 N.C. App. at 392, 712 S.E.2d at 216. Thus, the disposition order is deficient. Consequently, we remand for additional findings of fact to address each section 7B-2501(c) factor.

### III.   Conclusion

We decline to invoke Rule 2 to review the sufficiency of the State's evidence. Additionally, James did not receive ineffective assistance of counsel. However, we remand to the trial court for additional dispositional findings of fact in accordance with this opinion.

AFFIRMED IN PART; REMANDED.

Judges TYSON and FLOOD concur.

Report per Rule 30(e).