**IN RE D.S.B.**

[179 N.C. App. 577 (2006)]

IN RE: D.S.B., A JUVENILE

No. COA05-1521

(Filed 19 September 2006)

**Juveniles— general appearance—defect in service˙ waived**

Delinquency proceedings under the Juvenile Code are governed by the Rules of Civil Procedure. A juvenile who did not object to service of process and who participated in hearings made a general appearance and waived any defect in service.

Appeal by Juvenile from order entered 22 July 2005 by Judge Michael Knox in District Court, Cabarrus County. Heard in the Court of Appeals 15 August 2006.

*Attorney General Roy Cooper, by Special Deputy Attorney General Gail E. Dawson, for the State.*

*Jarvis John Edgerton, IV, for defendant-appellant.*

WYNN, Judge.

In general, a person may submit to the jurisdiction of a court by making a general appearance.[1] In this case, Juvenile contends that the trial court did not obtain jurisdiction over his person as he and his parent were not served under section 7B-1806 with the summons, petition, and proper notice before his initial hearing. Because Juvenile did not object to the service of process and participated in the hearings, we hold that he waived any defect in service by making a general appearance.

On 10 April 2005, a juvenile petition was filed alleging that Juvenile committed the offense of second-degree forcible rape. A pre-adjudication and secure custody order was also entered. On 15 April 2005, Juvenile and his parent was served with a juvenile summons and notice of hearing for continued custody and first appearance. That same day, a hearing was held to review the detention order. Juvenile's court appointed attorney, mother, and step-father attended the hearing. At the hearing, the trial court heard arguments from both the State's attorney and Juvenile's court appointed attorney as to whether Juvenile was to remain in secure custody while he awaited a probable cause hearing. The trial court ordered Juvenile to remain in

---

1. *Ryals v. Hall-Lane Moving & Storage Co., Inc.,* 122 N.C. App. 242, 247, 468 S.E.2d 600, 604, *disc. review denied,* 343 N.C. 514, 472 S.E.2d 19 (1996).

secure custody. A probable cause hearing was set for 22 April 2005. On 18 April 2005, defense counsel filed a request for disclosure seeking discovery.

Following a hearing on 22 April 2005, Juvenile was released into the custody of his parents. On 10 June 2005, following a delinquency hearing, Juvenile was adjudicated delinquent on the charge of second-degree rape. On 22 July 2005, the trial court ordered Juvenile to indefinite commitment and to complete a sex offender program. Juvenile appeals.

On appeal, Juvenile argues that the trial court lacked personal jurisdiction when it conducted the first appearance and detention hearings on the same day he was served with the petition, summons and notice of hearing. We disagree.

Section 7B-1806 provides that: "The summons and petition shall be personally served upon the parent, the guardian, or custodian and the juvenile not less than five days prior to the date of the scheduled hearing. The time for service may be waived in the discretion of the court." N.C. Gen. Stat. § 7B-1806 (2005). Here, the summons and petition were served on Juvenile and his mother on the same day as his first appearance and hearing on continued custody. Clearly, service was not made five days prior to the hearing as required by section 7B-1806.

Nonetheless, this Court has held that delinquency proceedings under the Juvenile Code are governed by the Rules of Civil Procedure. *In re Bullabough*, 89 N.C. App. 171, 179, 365 S.E.2d 642, 646 (1988). In civil cases, a person may submit to the jurisdiction of the court by making a general appearance, even if the court has not already obtained jurisdiction over defendant by service of process. *Ryals v. Hall-Lane Moving & Storage Co., Inc.*, 122 N.C. App. 242, 247, 468 S.E.2d 600, 604, *disc. review denied*, 343 N.C. 514, 472 S.E.2d 19 (1996). Thus,

An appearance constitutes a general appearance if the defendant invokes the judgment of the court on any matter other than the question of personal jurisdiction. The appearance must be for a purpose in the cause, not a collateral purpose. The court will examine whether the defendant asked for or received some relief in the cause, participated in some step taken therein, or somehow became an actor in the cause. Our courts have applied a very liberal interpretation to the question of a general appearance

and almost anything other than a challenge to personal jurisdiction or a request for an extension of time will be considered a general appearance.

*In re Hodge*, 153 N.C. App. 102, 106, 568 S.E.2d 878, 880 (2002).

Here, Juvenile's mother and step-father appeared in the courtroom for the first appearance and secure custody hearing. Juvenile also appeared with his court appointed counsel who participated in the first hearing, requesting release from confinement and a speedy probable cause hearing. Juvenile, through his court appointed counsel, participated in a subsequent custody review hearing, probable cause hearing, and hearing on the petition denying the allegations. Juvenile also testified at the hearing on the petition. Neither Juvenile nor his counsel contested service of process or personal jurisdiction at any of the numerous hearings they participated in, and his participation in the hearings without objection constituted a general appearance for purposes of waiving any defect in service. *See Hodge*, 153 N.C. App. at 106, 568 S.E.2d at 880 (the juvenile made a general appearance and waived any defect in service where he and his parents appeared in the courtroom for the hearing, the juvenile denied the allegations and participated in the hearing without objection). Accordingly, we hold that the trial court properly exercised personal jurisdiction over Juvenile.

Affirmed.

Judges HUDSON and TYSON concur.