IN THE MATTER OF: M.S., Juvenile.
No. COA08-774
Court of Appeals of North Carolina
Filed March 17, 2009
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Bertha L. Fields, for the State.
Richard E. Jester for Respondent-Appellant.
McGEE, Judge.
A juvenile petition was filed on 15 November 2007, alleging that Respondent committed robbery with a dangerous weapon, in violation of N.C. Gen. Stat. § 14-87. Respondent was ordered into pre-hearing detention the same day and was released on 29 November 2007. A second juvenile petition was filed on 21 December 2007, alleging that Respondent committed a second robbery with a dangerous weapon. At a hearing on 25 January 2008, Respondent admitted to one count of robbery with a dangerous weapon, and the second petition was dismissed. The trial court found Respondent to be a Level 3 offender and committed him to the Department of Juvenile Justice for an indefinite period not to exceed Respondent's eighteenth birthday.
The transcript shows that on 14 November 2007, Respondent, another juvenile, and an adult were walking past an apartment complex in Charlotte and noticed a woman unloading her car. Respondent and the juvenile robbed the woman while the adult waited on the corner. Respondent pulled a loaded gun on the woman, who was holding her infant grandson at the time of the assault. Respondent demanded the woman's keys, and drove off in the woman's vehicle. Officers located Respondent driving the woman's vehicle later that day. Respondent fled in the vehicle requiring the officers to give chase. Respondent jumped from the vehicle and escaped on foot. The following day, Respondent turned himself in to law enforcement.

I.
Respondent appeals from the 25 January 2008 disposition order committing him to a Department of Juvenile Justice youth development center. Respondent's first assignment of error is that the trial court considered factors outside the statutory framework in ordering Respondent into a youth development center. Respondent argues the trial court failed to exercise its discretion during sentencing, and instead imposed a disposition based upon a personal policy with respect to punishment for the offense of armed robbery. We review the trial court's decision regarding a juvenile's disposition for abuse of discretion, which occurs "when the trial court's ruling is so arbitrary that it could not have been the result of a reasoned decision." In re J.B., 172 N.C. App. 747, 751, 616 S.E.2d 385, 387, aff'd per curiam, 360 N.C. 165, 622 S.E.2d 495 (2005) (quoting In re Robinson, 151 N.C. App. 733, 737, 567 S.E.2d 227, 229 (2002)).
The trial court must determine a juvenile's appropriate disposition level depending on the juvenile's delinquency history and the type of offense committed. N.C. Gen. Stat. § 7B-2508(f) (2007). After determining the juvenile's disposition level, the trial court is charged with selecting, within the guidelines of N.C.G.S. § 7B-2508, the most appropriate disposition, both in terms of kind and duration for the delinquent juvenile. N.C. Gen. Stat. § 7B-2501(c) (2007). The trial court must select a disposition that is designed to protect the public and to meet the needs and best interest of the juvenile, based upon:
(1) The seriousness of the offense;
(2) The need to hold the juvenile accountable;
(3) The importance of protecting the public safety;
(4) The degree of culpability indicated by the circumstances of the particular case; and
(5) The rehabilitative and treatment needs of the juvenile indicated by a risk and needs assessment.
N.C. Gen. Stat. § 2501(c) (2007).
Respondent cites In re Robinson in arguing the trial court failed to use its discretion in imposing Respondent's disposition. 151 N.C. App. 733, 567 S.E.2d 227 (2002). In In re Robinson, the trial court had a choice between assigning the juvenile to a disposition Level 2 or Level 3. We note, however, that in the present case, the trial court had no discretion as to Respondent's disposition level. In this case, Respondent was found delinquent for robbery with a dangerous weapon, a class D felony, which is an offense classified as "violent" under N.C.G.S. § 7B-2508(a). Further, because Respondent had a prior conviction for common law robbery which he committed while on probation, he was defined as having a "high" delinquency history level under N.C. Gen. Stat. § 7B-2507 (2007). According to N.C.G.S. § 7B-2508(f), where a juvenile has a high delinquency history and has committed a violent offense, the trial court is required to impose a Level 3 disposition. A trial court exercising jurisdiction over a juvenile who has been adjudicated delinquent under a Level 3 disposition "shall commit the juvenile to the Department for placement in a youth development center." N.C.G.S. § 7B-2508(e) (emphasis added). The commitment of a Level 3 juvenile to a youth development center is the presumed disposition under North Carolina General Statutes. It is only when the trial court makes specific written findings substantiating the extraordinary needs on the part of the offending juvenile that the trial court may use its discretion and impose a Level 2 disposition instead. Id.
Respondent argues the trial court did not make a particularized assessment for Respondent but rather applied an equation Respondent refers to in his brief as: "Juvenile + armed robbery = training school." Respondent's argument is based upon the trial court's comment: "If you were involved in an armed robbery, then I'm going to send you to training school." However, Respondent fails to note that training school is the presumed disposition for him under N.C.G.S. § 7B-2508(e). Although the trial court did not have discretion in determining Respondent's disposition level, the trial court was still required to consider the factors listed in N.C.G.S. § 7B-2501(c) in determining whether the juvenile has extraordinary needs warranting a deviation from the presumed disposition in N.C.G.S. § 7B-2508(e). Therefore, we analyze whether the record shows the trial court considered these factors before ordering the presumed disposition.
The transcript indicates the trial court did consider the statutory factors. The trial court noted the seriousness of the offense and public safety risk in that Respondent put the lives of himself, the victim, the infant, and many others in jeopardy. The trial court further noted Respondent's lack of accountability in failing to recognize the danger he created. The trial court also took evidence of Respondent's prior juvenile criminal history and treatment attempts. Finally, the trial court made a specific finding of fact in the disposition order that the "offense was particularly dangerous as there was an adult victim and an infant . . . involved."
While the transcript shows the trial court considered armed robbery a serious offense, it indicates that the trial court also considered the specific facts relating to Respondent and the armed robbery. The trial court then imposed the presumed sentence of commitment to a youth development center, absent a finding of extraordinary needs of Respondent. Therefore, we disagree with Respondent's first argument and hold the trial court did not abuse its discretion in ordering Respondent to a youth development center.

II.
Respondent also argues on appeal that the trial court erred in proceeding with Respondent's hearing where the summons issued showed no service on Respondent or his guardian.
Delinquency proceedings under the Juvenile Code are governed by the N.C. Rules of Civil Procedure. In re D.S.B., 179 N.C. App. 577, 578, 634 S.E.2d 633, 634 (2006) (citing In re Bullabough, 89 N.C. App. 171, 179, 365 S.E.2d 642, 646 (1988)). Ordinarily, a summons and petition must be personally served on the juvenile and his parent or guardian not less than five days prior to the hearing in order to obtain personal jurisdiction. N.C. Gen. Stat. § 7B-1806 (2007). However, lack of service of process, and therefore lack of personal jurisdiction, may be waived by failure to make a timely objection in the trial court, N.C. Gen. Stat. § 1A-1, Rule 12(h) (2007), and by making a general appearance. In re Hodge, 153 N.C. App. 102, 106, 568 S.E.2d 878, 880 (2002) (citing Bullard v. Bader, 117 N.C. App. 299, 301, 450 S.E.2d 757, 759 (1994)) disc. review denied, 356 N.C. 613, 574 S.E.2d 681 (2002). An appearance constitutes a general appearance if
the defendant invokes the judgment of the court on any matter other than the question of personal jurisdiction. The appearance must be for a purpose in the cause, not a collateral purpose. The court will examine whether the defendant asked for or received some relief in the cause, participated in some step taken therein, or somehow became an actor in the cause. Our courts have applied a very liberal interpretation to the question of a general appearance and almost anything other than a challenge to personal jurisdiction or a request for an extension of time will be considered a general appearance.
Id.
Respondent argues the trial court lacked personal jurisdiction over him where it is undisputed that neither Respondent, nor his parent or guardian, was served with a summons prior to the hearings. However, in In re D.S.B., a juvenile and his parents were not served with the summons and petition until the same day as the juvenile's first appearance in violation of the service requirement outlined in N.C.G.S. § 7B-1806. In re D.S.B., 179 N.C. App. 577, 578, 634 S.E.2d 633, 634 (2006). The juvenile's parents, the juvenile, and his attorney were present for the first appearance and subsequent hearings. Further, the juvenile participated in the hearings and he did not contest service of process or personal jurisdiction at any of the numerous hearings. Id. at 579, 634 S.E.2d at 634. Our Court held therefore that the trial court properly exercised personal jurisdiction over the juvenile where the juvenile's participation without objection to the lack of service constituted a general appearance for purposes of waiving any defect in service. Id. In re D.S.B. is analogous to Respondent's case.
In the case before us, although the summons was never served on Respondent nor his parents, Respondent, his attorney, and at least one parent were present at six hearings between 21 November 2007 and 25 January 2008. Respondent substantially participated in the hearings and entered into a plea arrangement to dismiss one count of robbery with a dangerous weapon in exchange for his admitting to one count at the 25 January 2008 hearing. Finally, during the multiple hearings on the two delinquency petitions, Respondent never objected to the lack of service of the summons. Therefore, due to Respondent's and his parents' presence, and Respondent's substantial participation at the hearings along with his failure to object to lack of service, we find Respondent waived any defect of service and the trial court did not err by exercising personal jurisdiction over Respondent.

III.
Finally, Respondent argues that his counsel was ineffective in failing to object to the lack of service of the summons. In order to prevail on an ineffective assistance of counsel claim a defendant must show his "counsel's representation fell below an objective standard of reasonableness as defined by professional norms." State v. Fisher, 318 N.C. 512, 532, 350 S.E.2d 334, 346 (1986) (citing Strickland v. Washington, 466 U.S. 668, 688, 80 L. Ed. 2d 674, 693 (1984), rehearing denied, 467 U.S. 1267, 82 L. Ed. 2d 864 (1984)). "The proper standard for judging an attorney's performance is one of reasonably effective assistance, considering all of the circumstances." Id. at 532, 350 S.E.2d at 345 (citing Strickland, 466 U.S. at 688, 80 L. Ed. 2d at 693 (1984)). Judicial review is highly deferential of counsel's performance beginning with a presumption that counsel's conduct falls within a broad range of what is reasonable. Fisher, 318 N.C. at 532, 350 S.E.2d at 346 (citing Strickland, 466 U.S. at 689, 80 L. Ed. 2d at 694). In addition, if a defendant succeeds in demonstrating counsel's representation was deficient, he must then show he was so prejudiced by counsel's conduct that but for counsel's errors, there is a reasonable probability a different outcome would have resulted. Id. at 534, 350 S.E.2d at 347 (citing Strickland, 466 U.S. at 687, 80 L. Ed. 2d at 693).
It is well established that ineffective assistance of counsel claims "brought on direct review will be decided on the merits when the cold record reveals that no further investigation is required, i.e., claims that may be developed and argued without such ancillary procedures as the appointment of investigators or an evidentiary hearing."
State v. Thompson, 359 N.C. 77, 122-23, 604 S.E.2d 850, 881 (2004) (quoting State v. Fair, 354 N.C. 131, 166, 557 S.E.2d. 500, 524 (2001), cert. denied, 535 U.S. 1114, 153 L. Ed. 2d 162 (2002)), cert. denied, 546 U.S. 830, 163 L. Ed. 2d 80 (2005).
In the present case we find trial counsel's performance was not deficient and did not result in prejudice to Respondent. While counsel failed to object to lack of service of process, counsel's performance was reasonable and not so deficient as to result in prejudice where counsel kept Respondent's case from being transferred to superior court and succeeded in securing a dismissal of one of Respondent's petitions. Further, "litigants often choose to waive the defense of defective service when they had actual notice of the action and when the inevitable and immediate response of the opposing party will be to re-serve the process." In re Dj.L., D.L., & S.L., 184 N.C. App. 76, 85, 646 S.E.2d 134, 141 (2007) (holding counsel's waiver of the defense of defective service of process did not constitute deficient performance). Similar to In re Dj.L., D.L., & S.L., Respondent had actual notice of the juvenile petition against him, appeared with counsel at the hearings, and a dismissal based on personal jurisdiction would not have prevented the State from re-serving the original petitions. Id. Considering all the circumstances, and applying this Court's deferential review in presuming counsel's conduct was reasonable, we overrule Respondent's last assignment of error.
In conclusion, we hold the trial court did not abuse its discretion in ordering Respondent to a youth development center. Further, we hold Respondent waived the lack of personal jurisdiction by appearing and participating in the hearing without objecting to the lack of jurisdiction. Lastly, we find counsel's performance did not fall below an objective standard of reasonableness and did not prejudice Respondent. We therefore affirm the order of the trial court.
Affirmed.
Judges JACKSON and HUNTER, JR. concur.
Report per Rule 30(e).